W. J. PEVELER ET AL. v. L. J. PEVELER ET AL.

(Case No. 885.)

1. PRACTICE — ABATEMENT.— A defendant whose place of residence was described in the petition as being in a different county from that in which the suit was brought, filed his plea to the jurisdiction, and afterwards, at the same term, procured a continuance of the cause without asking the judgment of the court on his plea. At a subsequent term of the court the cause was tried without regard to the plea to the jurisdiction. *Held* —

1. That there was no error.

2. That affirming on this point the decision of the court below, it is not intended to pass on the question of venue in suits on administrators' bonds.

2. PRACTICE — PRESUMPTION.— Suit was brought on appellant's bond, made by reference a part of the amended original petition, marked "Ex. A. herewith filed." The file mark of the amended petition was November 7, 1878. In the transcript the copy of a bond is found

in all respects answering the description of the one sued on except the file mark, which was September 14, 1878, the date stated by appellant in his brief as the date when the original petition was filed, the same having been omitted from the transcript. The tenor and effect of the bond was not set forth in the petition in terms. *Held* —

1. The bond appearing in the record must be treated as the exhibit referred to in the amended petition.

2. Though the petition was defective in failing to allege the tenor and effect of the bond, it was sufficient to allow of its admission in evidence, there being no special exception raising the question of its sufficiency relied on at the trial.

3. ADMINISTRATOR'S BOND — BURTHEN OF PROOF. — When suit is brought upon an administrator's bond, executed on the day when the inventory and appraisement were filed, which is in the amount required by law, and which from the date of its execution remained in official custody, the burthen of proving that it has been altered as to its amount is upon the defendants.

4. PARTIES. — So long as there are unpaid debts due an estate, the recovery for an injury to the estate should be assets in the hands of the administrator and suit should be brought in his name.

5. PARTIES. — In order for heirs to maintain a suit on the administrator's bond, they must show an injury to them as heirs. If there are creditors whose claims might absorb the estate, the injury is, *prima facie* at least, to the estate and to the creditors, and not to the heirs.

6. STATUTES CONSTRUED. — Probate law of 15th legislature, sec. 41, construed.

7. PRACTICE — PARTIES — ABATEMENT. — In a suit by heirs against an administrator on his bond, it was alleged that there was "no pending administration on the estate, the administration of defendant having been closed by his removal." The evidence showed unsettled claims and a pending administration. *Held* —

1. The heirs *prima facie* could not maintain the suit.

2. The defendants were not required to plead in abatement the non-joinder of the administrator.

3. The case was one in which the evidence negatived the right of action claimed.

·APPEAL from Jack. Tried below before the Hon. A. J. Hood.

Suit by W. J. Peveler for himself and as special guardian of minors, joined with others, September, 1878, against L. J. Peveler, a former administrator, and H. J. Thompson and another, as sureties on his bond as admin-

istrator. L. J. Peveler and Thompson filed separate answers. At the April term, 1879, L. J. Peveler, under leave, withdrew his original answer to the merits, and filed, as his co-defendant Thompson had at the preceding term, a plea to the jurisdiction. After Thompson had filed his plea to the jurisdiction the cause was continued by the defendants without invoking the action of the court on the plea to the jurisdiction. On motion, the court at a subsequent term disregarded that portion of defendants' answers which referred to the jurisdiction.

The first plea contained in the transcript is plaintiffs' amended original petition, filed November 7, 1878, in which reference is made to a bond on which D. S. Ayres and H. J. Thompson were the securities, as an exhibit, "herewith filed, marked Exhibit A." Judgment was rendered against the defendants, and Thompson alone appealed. From the brief of appellant only does it appear that the original suit was filed on the 14th of September, 1878. In the record is the copy of a bond such as that described in the amended original petition, except the file mark, which is September 14, 1878, instead of November 7, 1878, the date of the amended plea. The tenor and effect of the bond were not specifically set forth in the petition, but the same was described as a bond "in due form of law, in the sum of nineteen thousand dollars, as the administrator," etc., etc., and the same was referred to as an exhibit and a part of the petition.

*McCall & McCall*, for appellant.

*Thos. Ball*, for appellee.

GOULD, ASSOCIATE JUSTICE.—Thompson alone appeals, and our inquiries need not extend to the rulings on the pleadings of his co-defendant, L. J. Peveler, who has not appealed. This disposes of the first assignment of error complaining that the court erred in striking out defendant

Peveler's pleas, including his plea to the jurisdiction. Thompson filed a general exception to the petition, followed by a special exception, on the ground that he was sued elsewhere than in the county of his residence, and a special unsworn plea alleging the same fact as to him and his co-defendants. The record shows no action on his exceptions or plea, but does show that at the same term that they were filed, the cause was continued on the application of the defendants. On the trial, the court refused to submit to the jury the issue as to jurisdiction. It may be that the court treated the plea as filed out of due order of pleading, or it may be that it regarded it as waived by the continuance of the case without invoking action thereon. Rule No. 24 of District Court. The exception and pleas were dilatory, and we do not think that the appellant has shown that they were presented in such a way as to enable him to complain of the action of the court in disregarding them. In disposing of the question thus, it is not intended to pass upon the question of venue in suits on administration bonds.

We are of opinion that the bond appearing in the record must be treated as the exhibit referred to in the amended petition, and that, although the petition was defective because of its failure to allege the tenor and effect of the bond, it was sufficient to allow of the admission of the exhibit in evidence. The question of the sufficiency of the petition is only brought before us by defendant Thompson in this way.

In regard to the bond, the court below, on inspecting it, held that the burden of showing that it had been improperly altered was on defendants. The original instrument has been sent up with the transcript, and having examined it, we agree with the court below in its conclusion. It is to be noted that the bond, after its approval, was in official custody, not in the custody of the beneficiaries. In our opinion, the unauthorized alteration of its amount

whilst in official custody would not affect its validity as a bond for the amount for which it was actually given. But it was made on the day the inventory and appraisement were filed, showing what the amount should be, and is in the amount required by law, and the jury, with all the evidence before them, having found against the defendants on the issue of its alteration, and their verdict not having been set aside by the district court, would not be disturbed by this court.

The remaining question grows out of the fact developed on the trial, that there was pending an administration *de bonis non* in the name of W. J. Peveler, and that there were debts against the estate to a considerable amount, duly established and still unpaid. The defendants asked the court to charge the jury, that, if they believed these facts established, to find for the defendants, and the refusal of this charge is one of the errors urged.

The alleged breach of the bond constituted an injury to the estate, and under our statute the administrator *de bonis non* may prosecute the suit. Acts of 15th Leg., ch. 84, secs. 24, 41. So long as there are unpaid debts, the recovery for an injury to the estate should be assets in the hands of the administrator, and the recovery should therefore be in his name. To maintain a suit on the bond the heirs must show an injury to them as heirs. The appropriation by the administrator of property of the estate, or his failure to settle his accounts and turn over a balance in his hands, would constitute a breach of the bond to the injury of the heirs only in case the property or the balance would be in whole or in part coming to them. If there are creditors whose claims might absorb the estate, the injury is, *prima facie* at least, to the estate and the creditors, and not to the heirs.

Counsel for appellee refer to the statute just cited, which authorizes suits from time to time on administration bonds until the whole amount thereof shall be re-

covered, and proceeds: "Such suit may be brought and prosecuted by any administrator of the estate not administered, in his own name as administrator, whenever the estate he represents has been injured by the breach of the bond of the executor, or any previous administrator of the estate; or any other person or persons injured by a breach of any such bond may bring suit thereon in their own name, and any number of such persons may join in such suit." Acts of 15th Leg., sec. 41, *supra.* This section of the act of 1876 is literally copied from the probate law of 1848. Whilst it authorizes parties injured by the breach of the bond to sue in their own names, and to join in such suit, it does not attempt to give a right of action to any but those injured by the breach. The statute regulates the mode of procedure, so as to facilitate the remedy, but it does not undertake to create any new right of action.

To show their right to sue, the plaintiffs alleged that there was "no administration on said estate, the administration of the defendant, L. J. Peveler, having been closed by his removal." If, however, the evidence showed a pending administration and unsettled claims, then, *prima facie* at least, it showed that the heirs had no right to sue. The defendants were not driven to plead the non-joinder of the administrator in abatement. The case was not one of defect of parties who ought to have been co-plaintiffs. But it was one in which the evidence negatived the right of action claimed by plaintiffs.

If the W. J. Peveler who sues as one of the heirs is the same W. J. Peveler who was appointed administrator *de bonis non,* it is not perceived that this would support his recovery as heir, jointly with other heirs.

Because the court erred in refusing the charge stated, the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 19, 1880.]