### E. C. Laas v. Adolph Seidel.

#### No. 1096. Decided May 1, 1902.

**1.—Pleading—General Demurrer—Right of Legatee to Sue.**

Defect in a petition by a legatee claiming a bequest from the testator of a sum owing to him by defendant, in that it failed to allege that there was no administration on the testator's estate pending or necessary, was properly raised by general demurrer. (P. 444.)

**2.—Same.**

An allegation that the estate of a decedent was solvent would not support an inference that there was no necessity for administration, as against a general demurrer. (P. 444.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Austin County.

*W. C. Henderson* and *C. G. Krueger,* for appellant.—Where the petition discloses that the plaintiff sues as an heir and that administration is pending, or that the time for administration has not expired, a necessity for administration is presumed unless the contrary is alleged, and, in the absence of an allegation that there is no administration and none necessary, the case is one where prima facie the plaintiff has no right to maintain the suit. It is not an informal or defective allegation which may be aided by intendment, but is the absence of an allegation which is necessary to constitute a cause of action. In the absence of an allegation without which no recovery can be had, a general demurrer ought to be sustained. Peveler v. Peveler, 54 Texas, 53; Webster v. Willis, 56.

Texas, 473; Lee v. Turner, 71 Texas, 265; Northcraft v. Oliver, 74 Texas, 162; Richardson v. Vaughan, 86 Texas, 93; Collins v. Warren, 63 Texas, 318.

*Searcy & Garrett,* for appellee.—In this case the demurrer admits, first, that under the will there was an independent executorship; second, that the estate was amply able to pay all just debts or claims against it, and by every reasonable intendment, in fact, that no administration was necessary; third, that the will gave the $300 to wife of appellee, and that the estate was solvent, and under the will if amply able to pay any and all debts or claims against it, no administration on the estate was necessary. The general demurrer admits these facts. Then can it be said that these facts are not sufficient to allow the plaintiff to prosecute his suit on a petition alleging the same? No administration on the estate was pending and there could be none, for the reason that by the terms of the will it is provided that no action should be had in court except to probate the will and return an inventory. Do not the allegations as to the terms of the will exclude the idea of an administration on the estate? If so, then would not an allegation that there were no debts and no administration necessary be absolutely useless? Had the appellant desired to challenge the sufficiency of the petition on the ground that it failed to state that there were no debts against the estate of C. W. Laas, he should have done so by special exception and the same could have been cured by an amendment, and having failed to specially except to the petition on that ground he waived such defect.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the First Supreme Judicial District has certified to this court the following statement and question:

"This suit was brought April 15, 1901, by Adolph Seidel to recover of E. C. Laas $300 out of a note for $500, alleged to have been by him due and payable to C. W. Laas, deceased, at his death. Seibel sues in behalf of his wife, Nellie, who is alleged to be the daughter of deceased. It is averred that deceased died testate on the 16th day of November, 1899. That his will was duly probated and that by its terms, Nellie, his daughter, was bequeathed the sum of $300 to be paid her out of the note sued on. That the estate of deceased was solvent. The petition contains no allegation that no administration is pending on the estate and that none is necessary, nor any other allegation bringing it within any of the exceptions to the general rule that in order for an heir or legatee to maintain a suit against a debtor of an estate he must allege and prove that no administration is pending, none necessary, or some other facts entitling him to sue as heir or legatee. The petition contained all other necessary allegations. The pleadings are lengthy and it is not deemed necessary to set them out at length. For the purposes of this certificate, the above statement of the substance of the petition is believed to be sufficient.

"E. C. Laas interposed a general demurrer and special exceptions to the petition, which were overruled, and on trial judgment was rendered against him for the amount sued for. The case is here on appeal by him and is now pending on motion for rehearing, we, at a former day of this term, having reversed the judgment and remanded the cause chiefly because of the failure of plaintiff to allege no administration pending and none necessary.

"None of the special exceptions of appellant make the point last stated, but his general demurrer was presented and acted on.

"The question, the answer to which must control our action on the motion for rehearing, is, can the absence of the allegation that no administration was pending and none necessary be taken advantage of by general demurrer, and this question we respectfully certify for your decision."

We answer that the want of an allegation that "no administration was pending and that none was necessary" could properly be raised upon a general demurrer to the petition.

A general demurrer has the effect to admit as true for that purpose all facts which are alleged in the pleading challenged, as well as all facts which may reasonably be inferred from the facts alleged. If a fact necessary to be proved to sustain a recovery on the part of the plaintiff be neither alleged in the petition nor fairly inferable from facts alleged, a demurrer to the petition must be sustained. Canales v. Perez, 65 Texas, 293; Warner v. Bailey, 7 Texas, 517. If the plaintiff in this case had alleged that there was no administration upon the estate of the decedent and no necessity for such administration, but had failed to prove it upon a trial, judgment must have been given for the defendant. Can the existence of those facts be inferred from the allegations of the petition in this case? It is claimed that the allegation that the estate was solvent would support the inference that "there was no administration nor necessity for administration." The estate might be solvent, and yet there would be a necessity for administration to pay the debts and to settle the affairs of the estate, to get it in proper shape for distribution among the heirs. The law does not provide that administration shall be had upon insolvent estates only nor that heirs may sue for the property if the estate be solvent.

In Richardson v. Vaughan, 86 Texas, 93, this question was raised by an exception that "the plaintiffs had no right to institute and prosecute the suit as the heirs of John P. Richardson." The trial court sustained the demurrer and dismissed the case, which judgment was affirmed by the Court of Civil Appeals, and upon writ of error to this court, the judgment was affirmed. That case is directly in point and settles the question certified to this court, for the objection was raised in that case by what was practically a general demurrer. The report of the case in 86 Texas does not show the manner in which the question arose, but the report of the decision of the Court of Civil Appeals shows that the question was raised as stated. 22 S. W. Rep., 1112.