## PINKERTON v. KEMPNER.   (No. 453.)

Court of Civil Appeals of Texas. Eastland.
June 15, 1928.

**1. Bills and notes ☞147—Note payable to order is "negotiable instrument" (Rev. St. 1925, art. 5934, § 30).**

A note payable to order is a "negotiable instrument," in view of Rev. St. 1925, art. 5934, § 30.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negotiable Instrument.]

**2. Bills and notes ☞524—Possession by plaintiff of note payable to order of another, and not specially indorsed to plaintiff or indorsed in blank, held alone insufficient to show ownership.**

Where note payable to order of another than plaintiff was not specially indorsed to plaintiff, nor indorsed in blank, *held* that mere possession by plaintiff is not prima facie evidence of ownership.

**3. Bills and notes ☞496(1)—Plaintiff must produce evidence of ownership, to render note admissible.**

In absence of evidence to show that plaintiff was in fact owner of note, note was not admissible in evidence, and plaintiff could not recover against maker thereon.

Appeal from District Court, Haskell County; J. F. Lindsey, Special Judge.

Action by Eliza Kempner against T. A. Pinkerton. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

H. R. Jones and Ratliff & Ratliff, all of Haskell, for appellant.
W. H. Murchison, of Haskell, for appellee.

FUNDERBURK, J. The suit was brought by Eliza Kempner against T. A. Pinkerton to recover upon a promissory note dated January 5, 1920, for the principal sum of $335. The note is signed by T. A. Pinkerton, and obligates the maker to pay the same "to the order of H. Kempner." Plaintiff's pleading declares:

"Said Kempner delivered said note to this plaintiff, and she is now, and was at the date of the filing of the original petition herein, the legal and equitable owner and holder of said note, and entitled to recover thereon according to its tenor and terms."

The judgment of the trial court was for plaintiff, and defendant appeals.

Complaint is made that the judgment of the trial court was erroneous, because (1) the

court erred in admitting the note in evidence over the objection of the defendant; (2) the court erred in rendering judgment upon the note; and (3) the court erred in his finding of fact to the effect that plaintiff was the owner and holder of the note sued upon. The grounds of error urged in support of each of the three assignments are the same, namely: The note was not specially indorsed to plaintiff, nor was it indorsed in blank, nor was any proof offered by plaintiff to show ownership by plaintiff of said note.

[1] All of the assignments are sustained. It appears that the note payable to the order of H. Kempner was not specially indorsed to plaintiff, nor indorsed in blank, and no evidence whatever was introduced to show that the plaintiff was, in fact, the owner of the note. The note in question is a negotiable instrument. R. S. 1925, art. 5934, declaring (in part) the law governing negotiable instruments, provides that, if a negotiable instrument is payable to order, it is negotiated by the indorsement of the holder, completed by delivery. Section 30. Article 5948 provides that:

" 'Holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof."

These statutes indicate that the Negotiable Instruments Act made no change in the theretofore existing rule having application to the question under consideration.

[2, 3] In Ross v. Smith, 19 Tex. 171, 70 Am. Dec. 327, the Supreme Court declared the law applicable to the state of facts before us. As said by the court in that case:

"The note was not indorsed specially to the plaintiff, nor was it indorsed in blank; and the only question is whether the mere possession, without proof of a bona fide assignment or transfer, either by parol or writing, was prima facie evidence of ownership."

The court, after declaring that bills and notes payable to bearer, or payable to order and indorsed in blank, are such that the legal right thereto is passed by delivery, and possession constitutes prima facie evidence of right to such property, further declares that such is not the rule with reference to instruments not negotiable, or which do not pass the legal right by delivery. In making application of this distinction the court further says:

"A third person, not a party to such note, must show by what right he claims to recover from the debtor, or in other words that he holds under a bona fide assignment, valid in law, from the owner of the note."

The principle of this rule seems to be that, in executing a note, the parties thereto contract what shall constitute prima facie evidence of the right of one in possession thereof to demand and inforce payment. In the ab-

sence of indorsement of some kind, the presumption obtains that the payee is the owner of the note. It follows, of course, that a plaintiff, with such a presumption against him, is not entitled to demand payment.

The case is somewhat similar to a showing of an outstanding title. The note, therefore, was not admissible in evidence over the objection of the defendant, nor did it, when introduced, furnish the necessary evidence to support a judgment in favor of the plaintiff, and the finding of the trial court that plaintiff was the owner of the note was without evidence to support it.

The judgment of the trial court will therefore be reversed, and the cause remanded.