## BENNETT et al. v. BENNETT et al.
### (No. 683.)

Court of Civil Appeals of Texas. Waco.
Sept. 27, 1928.

Callicutt & Upchurch, of Corsicana, for appellants.

Richard & A. P. Mays, of Corsicana, for appellees.

BARCUS, J. This suit was instituted by appellants against appellees to recover their interest in the estate of their deceased mother and to establish their interest in the estate of their deceased father. The record shows that F. M. Bennett was married twice. Appellants are the children, or their descendants, by his first wife, and appellees are his second wife and the children, or their descendants, by his second wife. F. M. Bennett died during the pendency of the suit at the age of 92 years. Two years before his death he executed a deed to his home place in Navarro county, consisting of about 691 acres of land.

Appellants contended that said land was the community property of F. M. Bennett and his first wife, and by reason thereof they were entitled to their mother's interest therein. They contended further that the deed executed by F. M. Bennett and his second wife two years before his death was void, because at said time he did not have the mental capacity to execute same. The cause was tried to a jury, and at the conclusion of the testimony the court instructed the jury to return a verdict for appellees, and on said verdict rendered judgment denying appellants any recovery.

■■ In the amended pleadings on which they went to trial, appellants alleged that F. M. Bennett had died, leaving a will, and that his wife, Orlena Bennett, had been appointed independent executrix of said estate. They alleged that the F. M. Bennett estate and Orlena Bennett as independent executrix were made parties defendant. The record shows, however, that there was no service upon either the F. M. Bennett estate or Mrs. Bennett as independent executrix, and the judgment does not in any way dispose of said parties. This is such fundamental error apparent of record as will necessitate a reversal of the case. Under the Revised Statutes of Texas, as well as the unbroken line of authorities, it is essential in a partition suit, or in a suit against the estate of a decedent involving the title to real estate, for the executor or administrator, if there is one, to be made a party. Article 1982, Revised Statutes; Holloway v. McIlhenny Co., 77 Tex. 657, 14 S. W. 240; Porter v. Rogers (Tex. Civ. App.) 293 S. W. 577 (writ refused).

■ Since the case must be reversed, we will notice some of the questions that will necessarily arise on another trial. Appellants complain of the action of the trial court in refusing to permit Mrs. Jane Bennett, the wife of Milton Bennett, deceased, to testify with reference to certain conversations she had with her father-in-law, F. M. Bennett, and with reference to his mental condition, said testimony having been excluded by the trial court under the provisions of article 3716 of the Revised Statutes, which prohibits parties from testifying in actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them as such, unless called to testify by the opposite party. The record shows that Milton Bennett, the husband of Jane Bennett, was a son of F. M. Bennett, deceased, and that Milton Bennett and his wife, Jane Bennett, had three children, all of whom are parties plaintiff in this suit. Mrs. Jane Bennett was not made a party, and testified that she did not own any interest in the property in controversy, and was not seeking any portion thereof, and had no interest in the litigation. She was not in fact a party to the litigation. We think the court was in error in excluding her testimony by virtue of said statute. Richards v. Hartley (Tex. Civ. App.) 194 S. W. 478; Williams v. Kincannon (Tex. Civ.App.) 265 S. W. 925, and authorities there cited.

■■ Appellants further complain of the action of the court in admitting in evidence an instrument signed by Dess Luttrell, Willie Henry, Jane Hadderton, and Wayne Bennett. under the terms of which they acknowledged receipt from their grandfather, F. M. Bennett, of $500 each, in consideration of which, the instrument recites, they released and surrendered all right, title, or interest which they had in the estate of their grandfather, F. M. Bennett, either before or after his death, said instrument being dated November 18, 1920, and they complain of the trial court's construing said instrument as being a deed from them to F. M. Bennett of all the interest they had in and to, not only their grandfather F. M. Bennett's estate, but the interest they had in and to their grandmother's estate, she being the first wife of said F. M. Bennett. We do not think the instrument on its face attempts to, and it should not be construed to, release any interest which the parties had in their grandmother's estate. If the trial court did so hold, it was in error in holding that the instrument was a deed of conveyance by Dess Luttrell, Willie Henry, and Jane Hadderton, because each of said parties at said time was a married woman, and neither of their husbands joined in said conveyance, and same was not acknowledged by any of them, as is required for conveyances by married women. Article 4614, Revised Statutes; Cauble v. Worsham, 96 Tex. 86, 70 S. W. 737, 97 Am. St. Rep. 871; Wilson v. Shear Co. (Tex. Civ. App.) 284 S. W. 662; White v. Simonton, 34 Tex. Civ. App. 464, 79 S. W. 621.

Appellants complain of the action of the trial court in refusing to submit to the jury the issue as to whether any of the property owned by F. M. Bennett at the time the suit was brought was the community property of F. M. Bennett and his first wife, and whether they had any interest therein. We sustain these assignments. We think the evidence was sufficient to raise said issues.

Appellants complain of the action of the trial court in refusing to submit the issue to the jury as to whether F. M. Bennett, at the time he executed the deed in 1923 to Mrs. R. V. Bounds and Miss Mattie Bounds, had sufficient mentality to execute said deed. We sustain these assignments. We think the evidence was sufficient to require said issue to be submitted to the jury.

The judgment of the trial court is reversed, and the cause remanded.