## DALLAS JOINT–STOCK LAND BANK OF DALLAS v. WISE et al.

### No. 4048.

Court of Civil Appeals of Texas. Texarkana.
June 25, 1931.

Rehearing Denied July 2, 1931.

Renfro, Ledbetter & McCombs, of Dallas, for appellant.

Cunningham & Lipscomb and C. A. Wheeler, all of Bonham, for appellees.

WILLSON, C. J. (after stating the case as above).

Appellant insists it appeared it was lawfully in possession of the 430 acres of land, holding same as mortgagee to secure indebtedness of L. C. Penwell to it, and therefore was within a rule stated as follows in 19 R. C. L. 330: "A mortgagee in possession, in the sense of that term as technically used, cannot be ousted by the mortgagor, or one claiming under him, by action or otherwise prior to the satisfaction of the mortgage, this being true even in jurisdictions wherein the mortgage could not maintain a possessory action for property." And see Pomeroy Eq. Jur., § 1189, p. 2817, 4th Ed.; note to Kaylor v. Kelsey, 40 L. R. A. (N. S.) 842, note; Majors v. Strickland (Tex. Civ. App.) 6 S.W.(2d) 133; Hill v. Preston (Tex. Sup.) 34 S.W.(2d) 780; Calhoun v. Lumpkin, 60 Tex. 185.

Appellees, on the other hand, insist that, if appellant was in possession of the land before and at the time Penwell died, its possession was not lawful, because of the statute of frauds; and, further, that, if appellant was in possession of the land and its possession was lawful, its right to continue in possession thereof ceased when Penwell died, or, if such right did not then cease, same was inferior to their right to subject the land to the statutory lien which they claimed existed to secure the payment of the indebtedness of Penwell's estate to them.

We agree it appeared from the evidence heard at the trial that possession of the land was turned over to appellant by Penwell during his lifetime, and that appellant was in possession thereof at the time Penwell died. We do not understand appellees to be in the attitude of contending to the contrary. Their contention as to this phase of the case, as we understand it, is that it appeared that appellant's right to possession was not evidenced by writing, but was based exclusively on an oral agreement it had with Penwell. The view entertained by appellees seems to be that a claimed right to possession of land is within the statute of frauds. Article 3995, R. S. 1925. The evidence was that Penwell, being indebted to appellant in a sum in excess of $20,000, which he was unable to pay, but payment of which was secured by a trust deed on the 430 acres of land, in September, 1927, turned the land over to appellants with authority to rent it, collect the rents, and apply same on the indebtedness and to sell the land if a purchaser could be found.

In their brief appellees do not specify the particular part of the statute of frauds they

regard as applicable in the case. We assume it was the subdivision numbered 4 of said article 3995, denying a right to maintain an action "upon any contract for the sale of real estate or the lease thereof for a longer term than one year." It is held that said provision in the statute does not apply "when the lease may be for a longer or shorter term than one year, according to whether a contingency which is to end it happens within the year or not." Betts v. Betts (Tex. Civ. App.) 220 S. W. 575; Hintze v. Krabbenschmidt (Tex. Civ. App.) 44 S. W. 38. We think it cannot be said that the contingency which would have deprived appellant of a right to possession of the land, to wit, a sale thereof, could not have happened within a year from the time possession was turned over to it. And we doubt if the lawfulness of appellant's possession in any event was dependent upon compliance with the statute. 3 Pomeroy Eq. Jur. § 1189, and notes; Barson v. Mulligan, 191 N. Y. 306, 84 N. E. 75, 81, 16 L. R. A. (N. S.) 151. In the case just cited the New York Court of Appeals, in concluding a rather full discussion of the matter, said: "Whenever it appears that the mortgagor has consented, either expressly or impliedly, by contract or conduct, to the entry of the mortgagee, for purposes, or under circumstances, not inconsistent with their relative legal rights under the mortgage, the possession of the mortgagee may properly be regarded as lawful."

If, as we think is true, it appeared that appellant as a mortgagee was lawfully in possession of the 430 acres of land, the judgment in favor of appellees was wrong, unless it ought to be said that appellant's right as such a mortgagee was inferior to the right of appellees, based as it was on the fact that the indebtedness on account of which they respectfully sought a recovery was for Penwell's funeral expenses and expenses of his last sickness. By force of the statute (articles 3531 and 3533, R. S. 1925) the executrix of Penwell's will was required to pay such expenses before paying any other claims against Penwell's estate. But she could pay only with property she had acquired a right as executrix to possess and control. By the terms of the statute (article 3314) her right as such executrix was "to the possession of the estate as it existed at the death of the testator" (Penwell). As we have seen at the time he died, Penwell (the testator) was not entitled to the possession of the 430 acres of land. Appellant was then lawfully in possession of same, and, we think, entitled to retain possession thereof so long as the indebtedness of Penwell's estate to it was unpaid.

We think the judgment should be so reformed as to deny appellees Phillip Wise, J. W. Peeler, H. L. Rogers Company, and Allen Memorial Hospital a foreclosure of the lien they claimed on the 430 acres of land to secure the payment of the sums adjudged in their fa-

vor, respectively, and that, as so reformed, the judgment should be affirmed. It will be ordered accordingly.