## MARYLAND CASUALTY CO. v. McGILL.
### No. 1243.

Court of Civil Appeals of Texas. Eastland.
March 2, 1934.

R. H. Mercer, of San Antonio, for appellant.

David C. Brown and Elbert R. Spence, both of San Antonio, for appellee.

HICKMAN, Chief Justice.

Appellee brought this suit upon a special automobile accident policy alleged to have been issued by appellant to William B. McGill, her deceased husband. A copy of the policy was attached to her petition and made a part thereof by reference. She was named as beneficiary in the policy as to the indemnity payable thereunder for loss of life of the insured, but, by the express terms of the policy, all other indemnities were payable to the insured. The provision is expressed in this language: "Indemnity for loss of life of the insured is payable to the beneficiary if surviving the insured, and otherwise to the estate of the insured. All other indemnities of this policy are payable to the insured."

No recovery was sought for the loss of life of the insured, but recovery was sought alone

for indemnities under the following provisions:

"Section II. * * * (A) From the date of the accident wholly and continuously prevent the insured from performing any and every kind of duty pertaining to his occupation, the company will pay a weekly indemnity of Twenty-Five Dollars for the period of such disability, but not exceeding twenty-six consecutive weeks.

"Section III. (A) If by reason of a bodily injury so sustained for which indemnity is payable under this policy, the insured shall be removed to a hospital, or if such injury necessitates the attendance of a graduate nurse, the company will pay an additional indemnity at the rate of Fifteen Dollars per week for the period of hospital confinement or nurse's attendance, as the case may be, but not exceeding four consecutive weeks."

By the allegations of her petition, all of these indemnities accrued during the lifetime of the insured. There is absent any allegation showing whether the insured died testate or intestate, whether or not he left any heirs other than appellee, or whether there was any administration pending upon his estate or any necessity therefor. In short, appellee declared upon a policy for indemnities which, by the terms thereof, were not payable to her. Appellant first filed a general demurrer and general denial. Later it filed its first amended original answer, consisting of a plea in abatement, general demurrer, special exceptions, general denial, and special pleas. The plea in abatement, general demurrer, and certain of the special exceptions were overruled, and the case tried on its merits. Upon the verdict of the jury returned in answer to special issues, judgment was entered for appellee for the amount claimed to be due under the policy, including interest, penalties, and attorney's fees. Appellant's brief contains fifty-four propositions, based, upon forty-seven assignments of error, but, under the views entertained by us on the question of pleadings, we shall find it unnecessary to discuss all these various propositions.

■■ Appellee's petition alleged no right whatever in her to recover for the indemnity payable by the terms of the policy to the insured. As the beneficiary of the indemnity for loss of life of the insured, she could have maintained an action therefor, but that question is not involved. By her suit she sought to recover only for indemnities which accrued to the insured during his lifetime. Recovery for these indemnities could be had only by the legal representatives of the estate of the insured, or, in case there was no administration, or necessity therefor, then by his legatees or heirs. The fact that appellee was the beneficiary of the indemnity for loss of life of the insured did not enable her to maintain a suit for the indemnities which were payable to him and which accrued during his lifetime. Brotherhood of Railway Trainmen v. Dee, 101 Tex. 597, 111 S. W. 396; Knights of Maccabees of the World v. Patton, 179 Ky. 410, 200 S. W. 614; Martin v. Travelers' Ins. Co. (Mo. App.) 247 S. W. 1024.

■ Appellant sought to abate the suit on the ground, among others, that plaintiff was not entitled to bring the suit, if there was a cause of action, and that the pleading showed upon its face that appellee had no cause of action. This plea in abatement was not filed in due order, but appeared for the first time in the amended answer. If the question, therefore, is one that could be raised only in abatement, then it has been waived. 1 Tex. Jur. p. 158, § 115. On the other hand, if it is a question which could be urged in bar of appellee's right of recovery, the fact that the plea in abatement was filed would not preclude appellant from relying upon its demurrers and pleas in bar. The original answer contains a general demurrer, which was carried forward in due order of pleading in the amended answer, and the action of the trial court in overruling same is made the basis of an assignment of error. The question for our decision is whether the petition was subject to a general demurrer. We have concluded that it was. In the case of Peveler v. Peveler, 54 Tex. 53, the heirs of a decedent brought suit on a bond, alleging that there was no pending administration on the estate. The evidence showed a pending administration, and it was held that the right of the plaintiff to recover was negatived by facts and that the defendants were not required to plead in abatement the nonjoinder of the administrator.

In the case of Hamilton v. James A. Cushman Mfg. Co., 15 Tex. Civ. App. 338, 39 S. W. 641, 642, the plaintiffs sued as partners on a contract alleged to have been made with them as partners, but, as a matter of fact, the contract was made with a corporation in which they were the stockholders. The cause of action, if any existed, was in the corporation, and not in the partnership. Justice Williams, writing for the court, delivered a very illuminating opinion on the real distinction between pleas in abatement and pleas in bar, concluding that the question of the right of

the plaintiffs to recover could be raised by a plea in bar. The following language is taken from that opinion: "Upon a cause of action accruing to the corporation, those individuals, either solely or as partners, could not maintain an action at all, unless they had acquired the claim from the corporation, which is not pretended here. If A. sues B., alleging a contract between themselves for the sale and delivery of goods and its performance by A., and B. answers that the contract was not with A., but with C., who had performed it, and alone had right of action on it, can it be said that this would be a dilatory plea, setting up either a want of A.'s capacity to sue, or of his right to recover in the capacity in which he sued? We think not. The defense urged would be plainly a denial that A. has any cause of action at all."

That reasoning applies in the instant case. Appellee's petition failed wholly to allege any cause of action in her favor against appellant. A plea in abatement must give the plaintiff a better suit. It was appellant's contention that appellee had no suit at all, and it could not therefore give her any better suit. Let us suppose, for instance, that the insured died testate, and this claim passed by his will to a third person; or let us suppose that he died intestate, but leaving debts, necessitating an administration. A judgment in favor of appellee would not be res adjudicata of the claim of such beneficiary or administrator, and a holding that the right of appellee to a judgment could be raised only by a plea in abatement would authorize a double recovery against appellant. The question presented is not unlike that considered by this court in Pinkerton v. Kempner, 8 S.W.(2d) 555. In that case the plaintiff declared upon a promissory note payable to the order of a third person. Her petition was good, because she alleged ownership of the note in herself, but the proof failed to meet the allegation, and it was held that, in the absence of evidence to show ownership of the note by plaintiff, she was not entitled to recover thereon. If it is necessary to prove ownership of a claim declared upon, it is likewise necessary to allege it. The question is one of pleading a cause of action, rather than one of capacity to sue. It is our conclusion that the trial court erred in overruling the general demurrer to appellee's petition.

■ The evidence likewise does not support appellee's right of recovery, and we are called upon to render judgment in appellant's favor. This we cannot do. Since we have held the

pleading subject to a general demurrer, we are not authorized to render judgment against appellee on the merits. Such judgment would not be supported by the pleadings. Bennett v. Gillett (Tex. Civ. App.) 57 S. W. 302; Western Union Telegraph Co. v. Owings (Tex. Civ. App.) 38 S.W.(2d) 831.

■ Several errors are assigned in the brief, but most of them will probably not arise upon another trial. We think it not improper, however, to reannounce the rule that appellant was entitled to an affirmative submission of each group of facts pleaded and relied upon by it as a defense. Colorado & S. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517. This right is not preserved to a defendant by submitting the plaintiff's issues, and giving a general charge directing the jury how to answer such issues in the event it entertains certain views regarding defendant's defenses. It is not proper to give a general charge to a jury in a case submitted upon special issues. Standard et al. v. T. P. C. & O. Co. (Tex. Civ. App.) 47 S.W.(2d) 443; K. C., Mo. & O. Ry. Co. v. Moore (Tex. Civ. App.) 11 S.W.(2d) 335.

For the reasons above assigned, the judgment of the trial court is reversed, and the cause remanded.