## JOHN HANCOCK MUT. LIFE INS. CO. v. WARREN et al.

### No. 1265.

Court of Civil Appeals of Texas. Eastland.

April 27, 1934.

Rehearing Denied May 25, 1934.

Geo. A. Titterington, of Dallas, and J. S. Kendall, of Munday, for appellant.

M. F. Billingsley, of Munday, for appellees.

HICKMAN, Chief Justice.

Fred N. Warren and W. A. McLear instituted this suit as an action in trespass to try title against John Hancock Mutual Life Insurance Company and H. K. Henry; their petition containing the usual statutory allegations in actions of that character. The land involved is a 108½-acre tract, situated in Knox county. The defendants answered by general demurrer, general denial, plea of not guilty, and a certain special plea unnecessary here to describe. Under the view entertained by this court, hereinafter expressed, it becomes unnecessary to make an extended statement of the case, or to discuss any assignment, except the seventh. That assignment presents that the court erred in rendering any judgment in favor of plaintiffs, for the reason that on the trial of the case the evidence developed that the lands sued for were a part of the estate of Otelia Gwinn, deceased, whose estate is being administered in the probate court of Knox county, and the suit was not brought by the executor, or other representative of the estate. This assignment is sustained.

By her will, Mrs. Otelia Gwinn appointed E. Duval as executor. The will was admitted to probate, and at the time of the trial of this case the estate was being administered through the probate court by Duval as executor. The land belonged to this estate. The appellees Warren and McLear purchased the interests of certain of the beneficiaries in the land, amounting to a four-ninths interest therein, and, as such owners, instituted this suit for title and possession of the entire tract, assigning no reason why the executor did not institute the suit. John Hancock Mutual Life Insurance Company was the owner of vendors' lien notes against the property, further secured by a deed of trust thereon. Without an order of the probate court, it had the land sold by the trustee in the deed of trust, at which sale it became the purchaser, later conveying same to Henry. It was probably the purpose of the suit to test the legality of an extension agreement made by the executor with John Hancock Mutual Life Insurance Company, and the regularity of the sale under the deed of trust. The judgment entered was a most unusual one, and probably accomplished nothing. It first adjudged

that plaintiffs Warren and McLear do have and recover of and from the defendants, John Hancock Mutual Life Insurance Company and H. K. Henry, the title and possession of the 108½-acre tract of land, describing same. It then adjudged one-ninth of said land to Mc-Lear and three-ninths to Warren, subject to the claim of M. F. Billingsley to a one-half interest in each of said awards. Then it next provided that the title and possession therein adjudged was subject to the payment of any and all valid and legal claims which might be established in favor of John Hancock Mutual Life Insurance Company, or any other person, against the estate of Otelia Gwinn, and ordered that no writ of possession be issued until the administration on the estate of Otelia Gwinn be closed in the probate court. The judgment recites that the land was a part of the estate of Otelia Gwinn, deceased; that an administration on said estate was then pending in the probate court; and that there are claims which may yet be established against said estate. No decree was made with reference to the five-ninths interest in the land not claimed by the plaintiffs.

The proper judgment to have entered was one dismissing the cause from the docket, or decreeing that plaintiffs take nothing. The general rule is that a suit to recover the title and possession of lands belonging to the estate of a decedent in the process of being administered in the probate court must be brought by the executor or administrator, and not by the heirs, devisees, or their assigns. Northcraft v. Oliver, 74 Tex. 162, 11 S. W. 1121; Rogers v. Kennard, 54 Tex. 30; Lee v. Turner, 71 Tex. 264, 9 S. W. 149; Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640; Laas v. Seidel, 95 Tex. 442, 67 S. W. 1015; Johnson v. Union Nat. Bank of Houston (Tex. Civ. App.) 242 S. W. 293; Hardin v. Hardin (Tex. Civ. App.) 1 S.W.(2d) 708; Bennett v. Bennett (Tex. Civ. App.) 9 S.W.(2d) 758; Cyphers v. Birdwell (Tex. Civ. App.) 32 S.W.(2d) 937; 14 Tex. Jur. p. 298, § 518, and authorities there cited. There are exceptions to this general rule (14 Tex. Jur. pp. 299, 300), but none of them exist in this cause. There was neither pleading nor proof of any fact which would bring this case from under the general rule, but, on the contrary, the facts developed bring it squarely within the rule.

No plea in abatement was filed setting up a nonjoinder of parties plaintiff; but it was not necessary that the question be raised in that manner. In discussing this question in the case of Peveler v. Peveler, 54 Tex. 58, Justice Gould used this language: "If, however, the evidence showed a pending administration and unsettled claims, then, prima facie at least, it showed that the heirs had no right to sue. The defendants were not driven to plead the non-joinder of the administrator in abatement. The case was not one of defect of parties who ought to have been co-plaintiffs. But it was one in which the evidence negatived the right of action claimed by plaintiffs." See, also, Northcraft v. Oliver, supra; Hamilton v. James A. Cushman Mfg. Co., 15 Tex. Civ. App. 338, 39 S. W. 641; Maryland Casualty Co. v. McGill (Tex. Civ. App.) 69 S. W.(2d) 158.

Having determined that the plaintiffs showed no right of recovery, the other questions presented need not be discussed. However, we do not desire this opinion to be construed as indicating that, even if appellees had been the proper parties to bring this action, they could have recovered title to and possession of this land without tendering the balance due on the purchase price thereof. Estes v. Browning, 11 Tex. 237, 60 Am. Dec. 238; McPherson v. Johnson, 69 Tex. 484, 6 S. W. 798; Ramirez v. Garza (Tex. Civ. App.) 269 S. W. 1102; Evrage v. Lane (Tex. Civ. App.) 21 S. W.(2d) 594; Dallas Joint-Stock Land Bank v. Wise (Tex. Civ. App.) 40 S.W.(2d) 931.

Reversed and remanded.

## On Rehearing.

The appellant has filed a motion for rehearing, insisting that we render judgment in its favor and thereby finally dispose of the litigation.

This request must be denied for several reasons, only one of which will be mentioned.

A judgment rendered here in favor of appellant would amount to nothing. We held there were no real parties plaintiff. That being true, what benefit would be derived by appellant from a judgment against them? If there were no parties below authorized to maintain this suit, there are no parties here against whom an effective judgment could be rendered.

The motion is overruled.