**SANTOS v. MORGAN.**

No. 9564.

Court of Civil Appeals of Texas. Austin.

July 10, 1946.

Rehearing Denied July 31, 1946.

E. C. Overall, of San Antonio, for appellant.

Moss & Moss, by Edw. H. Moss, all of La Grange, for appellee.

BAUGH, Justice.

W. L. Morgan, independent executor of the will of Pennie Santos, deceased, brought this suit to set aside two deeds dated December 5, 1942, and January 2, 1943, respectively, conveying certain lands in Fayette County, Texas, to Manor Santos. The grounds alleged were mental incapacity of Pennie Santos at the time; fraud and overreaching by the grantee, her son; undue influence exerted by him over the grantor; and duress. In addition to special exceptions, plea of valuable consideration paid by him, and general denial, appellant by cross-action sued the devisees named in Pennie Santos's will (executed in 1937) in trespass to try title to said lands. Trial was to the court without a jury. The exceptions to plaintiff's petition were overruled; the cross-action of appellant dismissed; and upon fact findings of the court that the grantor lacked mental capacity to execute said deeds at the times in question, judgment was rendered setting aside said deeds. From that judgment Manor Santos appeals.

We shall not undertake to discuss all of the contentions made by appellant. Some of them are predicated upon and relate to matters not disclosed by the authenticated record. Appellant's counsel declined to agree to the statement of facts, and the trial court approved and certified the statement of facts filed in this court and specifically struck out matters proffered by said counsel, on which said counsel in part relied for the contentions made.

Appellant first urges error of the trial court in overruling his exceptions to plaintiff's petition. The case was tried and decided on the issue of the mental capacity of Pennie Santos at the time to execute valid deeds. The exceptions were that the right to set aside such deeds was personal to Pennie Santos and only she could raise it. Secondly, that the independent executor of said will was neither an heir of Pennie Santos nor a devisee under her will; and therefore had no justiciable interest in the subject matter.

These contentions are without merit. If the deeds were invalid, then obviously either the heirs or legal representative of Pennie Santos could properly attack them. And in the instant case, the executor of her estate having qualified as such was not only the proper party to bring such suit; but it was his duty to do so. 14 Tex.Jur., § 516, p. 297; § 555, p. 340; John Hancock Mut. Life Ins. Co. v. Warren, Tex.Civ.App., 72 S.W.2d 347, and cases therein cited. And on the issues made by plaintiff's pleadings the devisees under said will were not necessary parties. Nor was it necessary under appellant's verified exceptions for appellee to prove that he had duly qualified as independent executor by taking the oath as such. No attack is made either on the will or the validity of the probate proceedings. The plaintiff in his verified pleadings alleged proper appointment and qualification as such independent executor, and his ca-

pacity to sue. As against the exceptions lodged by appellant such facts must be taken as true and proof thereof was unnecessary.

Nor was it error under such circumstances to dismiss appellant's cross-action in trespass to try title against the devisees named in said will. The only title asserted by him in said cross-action was under said deeds. Their validity was therefore the only issue involved and that was put in issue by his answer to plaintiff's pleadings. If the deeds were invalid, then his cross-action would necessarily fail. If held valid, then the title asserted by him would be sustained; and the results would be the same without such cross-action as with it.

Appellant also complains that certain testimony of Emma McDow, daughter of Pennie Santos, and of W. L. Morgan, executor, was inadmissible under Art. 3716, R.S., as constituting transactions with the deceased. As to Morgan, executor, the statute clearly applies. However, the trial court expressly excluded all testimony as to transactions between him and the deceased. That complained of here related to Morgan's dealings with the appellant, clearly not within the statute.

As to the testimony of Emma McDow, some of it clearly constituted transactions with deceased. This was recognized by the trial court, who held it inadmissible upon appellant's objections, and at the close of her testimony, some of which was irrelevant to the only issue decided, and some merely related to facts which were uncontroverted, the trial court stated: "There is some evidence the court will not consider, the transactions with the decedent, the court won't consider that." Thus, the testimony complained of by appellant, though adduced by appellee, was not only held inadmissible by the trial court; but from his statement we must assume that he did not consider it. Appellant's contention is, therefore, without merit.

Appellant next complains that the trial court abused its discretion in refusing to permit appellant, after appellee had offered and read in evidence selected interrogatories and answers from the ex parte depositions of Delmar Santos (taken by appellee), to read in evidence the cross-interrogatories and answers of said witness. Like abuse of discretion is urged for similar refusal as to the ex parte depositions of Manor Santos, appellant. These refusals were accompanied by the explanation of the court that he had already read these depositions, and to read them again would be a useless consumption of time. The court further stated that he would read them again before rendering judgment, but the record rather indicates that he did not. However, these depositions were sent up with the record and have been read as a part of the statement of facts. Most of such testimony related either to matters not controverted or to the circumstances surrounding the execution by Pennie Santos in 1937 of said will; and her mental condition at that time, neither of which was in issue in this case. Both of said witnesses testified in person upon the trial and were examined at considerable length on the relevant and competent portions of such depositions which related to the issues presented in the instant case. Under such circumstances we think it is clear that appellant was not prejudiced, and the action of the court, if conceded to be error, was harmless.

The remaining contentions of appellant, in substance and effect, complain of the testimony of both lay witnesses and doctors, on the ground that such witnesses were not qualified, giving their opinions as to the mental competency of Pennie Santos at the times the deeds were executed. Also that the evidence was wholly insufficient to support the trial court's express finding of fact that she "was not possessed of the necessary mental capacity to understand the nature and effect of her acts at the time of the execution of the two deeds to Maynor (Manor) Santos."

In addition to two doctors who had known and treated the deceased, numerous lay witnesses testified both pro and con on the issue of Pennie Santos's mental capacity as of the times in question. No useful purpose would be served by separ-

ately considering the witnesses complained of nor by outlining their testimony. Suffice it to say that the rule is now well settled that where a lay witness has had sufficient opportunity through personal contacts, conversations, association with and observation of the person in question to reasonably form an intelligent opinion as to such person's sanity, based upon his own first-hand knowledge, he is qualified to express such opinion. Chambers v. Winn, 137 Tex. 444, 154 S.W.2d 454; 24 Tex.Jur., § 42, p. 425. In the instant case both the lay witness and one of the two physicians who testified predicated their opinions that Pennie Santos at the times in question was mentally incompetent upon their own first-hand knowledge of the facts. The nature and extent of such observations necessary to qualify them to so testify is largely a matter for the determination of the trial court in the light of all the circumstances. 24 Tex.Jur., § 44, p. 430, and cases cited under note 15. The matters complained of by appellant go rather to the weight than to the admissibility of such testimony.

We have read all of the testimony including the depositions of which complaint was made. It was amply sufficient to sustain the court's findings. The deceased was a colored woman about ninety years old at the time of her death on November 14, 1943. She had been in ill health for several years prior thereto; had had pellagra at least since 1939; and indisputably had, for more than a year prior to her death, been declining both mentally and physically. One physician testified that such disease in its latter stages often causes insanity. Her family physician, a colored doctor, who had attended her many years as such testified that more than a year prior to her death, she was incapable of understanding an ordinary conversation or of remembering what had transpired immediately before. Without detailing further testimony we think it was clearly sufficient to sustain the trial court's findings on which the judgment was predicated.

Appellant sets out and discusses at length the testimony of his own witnesses as showing sanity. However, here, as in other cases of conflicting testimony, only that in support of the judgment, if it be competent, need be considered. This is particularly true in the instant case which, as the record discloses, called in question the credibility of several witnesses, a matter which the trial court undoubtedly weighed and determined.

Finding no reversible error the judgment of the trial court is affirmed.

Affirmed.