## KING et ux. v. RUBINSKY.
### No. 3056.

Court of Civil Appeals of Texas. Waco.

Dec. 18, 1952.

Rehearing Denied Jan. 8, 1953.

Orville Jobe, Waco, for appellants.

Valentine & Valentine and Clark & Fisher, Waco, for appellee.

HALE, Justice.

This suit grew out of a written executory contract for the sale of realty. The contract was dated July 31, 1945. Appellee in-

stituted the suit against appellants on May 15, 1950 as a formal action in trespass to try title. On October 10, 1950, after various issues had been joined on extensive pleadings filed by the respective parties, the court below granted the motion of appellee for a summary judgment under the provisions of Rule 166–A, Texas Rules of Civil Procedure. On appeal to this court, the summary judgment rendered in favor of appellee was reversed and the cause was remanded to the court below. For a full statement of the issues involved on the former appeal, we refer to our prior opinion as reported in 241 S.W.2d 220.

After the former judgment had been reversed and the cause remanded to the trial court, the parties filed amended pleadings wherein they repleaded the substance of the facts alleged in their prior pleadings and added certain allegations with respect to occurrences which had transpired subsequent to the hearing on appellee's motion for summary judgment. By his last amended pleadings, appellee asserted his right under the express terms of the contract to rescind the same on the ground that appellants had failed to pay certain installments past due thereon. He offered in his pleadings to deed the property and deliver immediate possession thereof to appellants if they would pay to him the amount due under the contract as of December 13, 1950, that being the date when he obtained possession of the premises under the summary judgment rendered in his favor. In their amended pleadings, appellants sought specific performance of the contract and to recover $26,356 as damages on account of their alleged wrongful dispossession of the premises on December 13, 1950. They admitted in their pleadings that they were in default on the payment of six monthly installments which were past due at the time when the suit was originally instituted on May 15, 1950, and although they did not tender the balance of the purchase price which was due and unpaid on December 13, 1950, they offered to deliver to appellee a note dated February 2, 1952, for the balance due on December 13, 1950, the note being payable in monthly installments of $50 each, the first installment to become due on April 1, 1952, the payment of the note to be secured by a deed of trust on the premises in dispute.

The case was tried before a jury. Upon the conclusion of the testimony appellants presented their motion for an instructed verdict and the same was overruled. The court then submitted three issues to the jury with respect to attorneys' fees and the reasonable monthly rental value of the premises in controversy from July 31, 1945 to December 13, 1950. To each of the issues so submitted the jury answered "00.-00." Thereupon, the court rendered judgment in favor of appellee for the title and possession of the property involved in the suit and denied appellants any recovery on their cross-action.

Under appropriate points in their brief appellants say the trial court erred in refusing to grant their motion for an instructed verdict and in rendering judgment for appellee and against them which in effect decreed a cancellation of the contract of sale. They contend in substance, among other things, that since the undisputed evidence shows appellee failed to deliver to them a deed of conveyance when they had paid to him the sum of $1,000, as he had obligated himself under the contract to do, he was not thereafter entitled to a rescission even though they were delinquent in their monthly payments and consequently they insist that the court erred in awarding to appellee the title and possession of the premises and in denying them any relief on their cross-action. On the other hand, appellee says in effect that since the undisputed evidence shows he was in possession of the premises at the time of the trial, that he was expressly authorized under the terms of the contract to rescind the same and repossess the property in the event appellants failed to make the monthly payments therein provided for, and since the undisputed evidence further shows that appellants had not paid or offered to pay the amount due thereon, the trial court did not err in rendering judgment in his favor or in denying any recovery to appellants.

The contract out of which the suit arose provides that the sale price of the property therein described is the sum of $5,000; that

appellants have paid to appellee $500 in cash and have executed their promissory note of even date for the principal sum of $4,500, the note being payable in monthly installments of $50 each, the first installment to become due on September 1, 1945, and a like amount of $50 to become due and payable on the 1st day of each month thereafter until paid in full; "that time is of the essence of this contract, especially with reference to the monthly payments as set out hereinabove"; that "should the Purchasers (appellants) fail to make any one installment when due, the Seller (appellee) may, at his option, either declare the entire amount of the purchase price due and collectible, or he may rescind this contract to sell and convey the property herein described, and take immediate possession thereof and in the event of such rescission, all payments already made by the purchasers shall be retained by the seller, not as penalty, but as rent on the house and property, and as liquidated damages for the breach of this contract"; that "it is the intention of the parties hereto that no interest in the above property is conveyed by this Conditional Sales Contract, but the seller agrees that when purchasers have paid the sum of $1000.00, (including the $500.00 cash down payment), he will execute to purchasers a general warranty deed to said property, conveying said property, and it is the intention of the parties hereto that the purchasers will only have an interest in said property when they have paid the sum of $1000.00 on said property * * * and the failure of the purchasers, or their assigns, to pay the principal, interest, taxes or insurance premiums, or any of the same, will give the seller the right to take immediate possession of the same without the necessity of court action."

The undisputed evidence shows that appellants had paid to appellee the approximate sum of $1,000 under the contract at the end of August in 1947 and they continued to make certain payments at irregular intervals until February 25, 1950, when they made their last payment. The evidence further shows without dispute that they were in default on six monthly installments which were past due at the time when this suit was originally instituted on May 15, 1950, some of these installments having been past due for more than twelve months. They continued thereafter in possession of the premises without paying or offering to pay any part of the amount already due or becoming due up to December 13, 1950, when the possession of the premises was restored to appellee under the terms of the summary judgment rendered on October 10, 1950. This record does not show that appellants have ever made a legal tender of any money to appellee since the last payment which they made to him on February 25, 1950.

Appellee testified that he had a deed made in 1947 when the payments under the contract amounted to $1,000 and that he advised appellants by telephone that the papers were ready for delivery and that he tried several times to get them down to his store for that purpose without success. Although appellants denied any such conversation, there was no evidence showing or tending to show that appellants ever requested appellee to deliver a deed to them or that he ever refused to do so at any time prior to the institution of this suit. Reasonable minds cannot differ in concluding from the evidence as a whole that appellants did not give any thought or consideration to the fact that appellee had not delivered a deed to them prior to the time the suit was instituted and it conclusively appears that such fact did not cause or in anywise contribute to cause their default in the payments due under the contract. It further appears without any dispute in the evidence that appellee was able, ready and willing at all times after August in 1947 to deliver a deed to appellants if they would only pay to him the amount of the monthly installments which were past due under the contract.

We have concluded from the entire record before us that the trial court did not err in refusing to grant the motion of appellants for an instructed verdict, or in rendering judgment in favor of appellee for the title and possession of the property in dispute, or in denying appellants any re-

covery on their cross-action. Not only were appellants in default on the payments which were past due under the contract at the time when the suit was originally instituted, but after the suit was filed, without paying or offering to pay the same, or any part thereof, they interposed a plea of limitation as a defense against the cause of action asserted by appellee, which was in effect a refusal to pay. McPherson v. Johnson, 69 Tex. 484, 6 S.W. 798, 799; Moore v. Giesecke, 76 Tex. 543, 13 S.W. 290. In the early case of McPherson v. Johnson, supra, the Supreme Court said: "The vendee in an executory contract, who has not paid the purchase money, must at least offer to pay, in order to enforce the agreement. The vendor's right of action on his debt may be barred, and his privilege of election thereby lost, but the vendee is not relieved of his obligation to pay the debt, if he would hold the land. The debt remains, though the right of action be barred, (Fievel v. Zuber, 67 Tex. 275, 3 S.W. 273;) and without an offer to pay it, the vendee, if in possession, cannot defeat the suit of the vendor for the recovery of the land; nor, if out of possession, can he recover against the vendor or any one holding under him. We think these principles well settled in this court, and that they need no further discussion. Harris v. Catlin, 53 Tex. [1] 8; Jackson v. Palmer, 52 Tex. [427] 434; Baker v. Ramey, 27 Tex. [52] 53; Dunlap['s Adm'r] v. Wright, 11 Tex. [597] 604; Burgess v. Millican, 50 Tex. 397."

◼ Appellants insist that they were wrongfully dispossessed of the premises on December 13, 1950 under the summary judgment rendered in the court below on October 10, 1950 and that, after such erroneous judgment was reversed by this court, the trial court should have restored the possession of the premises to them and should have permitted them to recover the damages resulting to them from their wrongful dispossession. We cannot agree with this contention. Appellants did not supersede the enforcement of the summary judgment. We recognize the general rule that on reversal of an erroneous judgment, a party who has received a benefit from such judgment is obligated to make restitution to the other party for what the latter has lost under the erroneous judgment. However, we do not think this rule is of controlling effect in its application to the facts of this case. Under the facts shown by the evidence developed on the present trial, appellee was entitled to the possession of the premises at the time when the summary judgment was rendered and hence he cannot be held legally liable to appellants on the ground that he wrongfully dispossessed them, even though the summary judgment was erroneous. Willis v. Mays, Tex.Civ.App., 177 S.W.2d 1000, (er.ref.).

◼ The law is well settled in this State that a purchaser or vendee of realty under an executory contract, not being in possession of the property described in the contract, is not entitled to enforce specific performance thereof or to recover possession of the property unless he pays or offers to pay the balance of the purchase price which is due and payable under the terms of the contract. Stone Cattle & Pasture Co. v. Boon, 73 Tex. 548, 11 S.W. 544; Barker v. Temple Lumber Co., 120 Tex. 244, 37 S.W.2d 721; Bunn v. City of Laredo, Tex.Com.App., 245 S.W. 426; Mozoch v. Sugg, Tex.Com.App., 254 S.W. 770; R. B. Spencer & Co. v. May, Tex.Civ.App., 78 S.W.2d 665, (er.ref.); Myricks v. Heilbron, Tex.Civ.App., 170 S.W.2d 827; Gillian v. Day, Tex.Civ.App., 179 S.W.2d 575 (er.ref.).

Finding no reversible error in the record, all of appellant's points are overruled and the judgment appealed from is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this case.