**Robert D. CARR et al., Appellants,**

v.

**Charles E. YORK et al., Appellees.**

**No. 15585.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 15, 1970.

Anderson, Smith & Null, Conde N. Anderson, Fly, Cory & Moeller, Tibiletti, Ritchey & Cano, Victoria, for appellants.

Larry D. Hardin, Victoria, James R. Sloan, Austin, for appellees, Cullen M. Godfrey, Austin, of counsel.

PEDEN, Justice.

Venue matter. Appellees, Charles E. York and Mrs. Myrtle G. York, brought this suit individually and as stockholders in behalf of Texas Concrete Company, a corporation, Sirad Corporation and TCC Equipment Corporation against appellants, Robert D. Carr, Paul M. Guthrie, Eugene A. Gibbs, Jimmie R. Brooks, James L. Kubecka and the Gene Gibbs Company. Appellees also sued in other representative capacities. They sought injunctive relief, appointment of a receiver, damages, the fixing and foreclosing of an equitable lien and other relief, alleging that Carr, Guthrie and Gibbs conspired to wrongfully devalue the assets of Texas Concrete, TCC Equipment and Sirad by converting assets of those companies to Gene Gibbs Co. in Colorado County and did thus convert many assets of the three named corporations. That Carr and Guthrie caused the records of the three companies to be falsified to hide their acts of malfeasance in willful violation of their fiduciary duties.

Pleas of privilege were filed by each of the defendants except Eugene Gibbs and the Gene Gibbs Co. seeking a change of venue from Colorado County to Victoria County. It is uncontroverted that Gibbs is a resident of Colorado County and that the principal office of the Gene Gibbs Co. is situated in that county. By their controverting affidavits the plaintiffs alleged that venue was maintainable under Subdivisions 4, 7, 9, 12, 23 and 29a of Article 1995, Vernon's Ann.Civ.St. The defend-

ants other than Gibbs and Gene Gibbs Co. have perfected this appeal from an order of the trial court retaining venue in Colorado County.

Appellants urge six points of error. Each is a "no evidence" point and each is directed to a different one of the six subdivisions asserted by the appellees.

The record does not reflect that the trial judge made or was requested to make findings of fact or conclusions of law. In reviewing the evidence adduced in the trial court we must give credit to all that which was favorable to the successful parties and indulge every reasonable conclusion favorable to them, disregarding all adverse evidence. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

Appellants' first point of error states that there was no evidence of a cause of action in appellees' favor against a resident defendant as required by Subdivision 4 of Art. 1995. Their second point similarly states that there was no evidence as to a cause against a resident corporation as required by Subdivision 23.

Much of the evidence was sharply conflicting. The conclusions which we will state that the trial court could have reached by applying the rule stated in Banks v. Collins, supra, are not inevitable ones. It would unnecessarily lengthen this opinion to recount the appellants' explanations of the events in question. It is uncontroverted, however, that Albert E. York and Robert D. Carr each owned half of the stock of Texas Concrete and TCC Equipment and that Sirad is a wholly owned subsidiary of Texas Concrete. Also that Albert E. York was injured and mentally unable to participate in the affairs of these companies from about May, 1966 until his death in November, 1968. That appellee Chas. E. York was his son and appellee Myrtle G. York is his widow.

The trial court could have found from the evidence that appellant Carr is president and chairman of the board of directors of all three companies and has been at the time of the incidents made the subject of this suit; appellant Guthrie has been executive vice president and a director of all three during that period. Appellant Brooks was corporate secretary and appellant Kubecka treasurer of the three companies and they were directors of Texas Concrete and TCC Equipment until February of 1969.

That in 1968 appellants Carr and Guthrie and Eugene Gibbs formed Gene Gibbs Co. in Colorado County, Texas. Each owned a one-third interest in it, but no member of the York family was told about the new venture or given an opportunity to invest in it. The trial court was entitled to conclude from the evidence that assets, services and supplies of Texas Concrete, TCC Equipment and Sirad to the value of more than thirty thousand dollars were transferred to Gene Gibbs Co. in Colorado County and that certain of the appellants directed and others either participated or acquiesced in causing their auditor not to see records of Texas Concrete, TCC Equipment and Sirad reflecting these transfers. That after more than a year, Gene Gibbs Co. had been billed for only a few materials and that a purported rental agreement dated July 1, 1968 between Texas Concrete and Gene Gibbs Co. was actually prepared in April of 1969, immediately after an independent audit of Texas Concrete's books disclosed that those transfers of assets were not properly recorded. Such purported agreement provided for payment by Gene Gibbs Co. to Texas Concrete on a yearly basis at the rate of ten cents per lineal foot of precast, prestressed concrete piling produced by Gene Gibbs Co. by the use of such forms and equipment of Texas Concrete "as may be available and necessary." It contained no further description of the forms and equipment furnished.

The trial court could have concluded that E. A. Gibbs was a knowing participant in the entire series of transactions when he joined in the formation of Gene Gibbs Co., the recipient of the assets in question.

Appellants assert that appellees as stockholders in the three corporations may not bring a separate and independent cause of action against Gene Gibbs Co. or E. A. Gibbs under their pleaded theories of conspiracy, fraud, conversion or trespass, and that their only possible claim is a derivative stockholders' suit in which they seek to have Texas Concrete and its related corporations recover its property or the value thereof. They cite Commonwealth of Mass. v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1942), which states the general rule:

"Ordinarily, the cause of action for injury to the property of a corporation, or the impairment or destruction of its business, is vested in the corporation, as distinguished from its stockholders, even though it may result indirectly in loss of earnings to the stockholders. Generally, the individual stockholders have no separate and independent right of action for injuries suffered by the corporation which merely result in the depreciation of the value of their stock. This rule is based on the principle that where such an injury occurs each shareholder suffers relatively in proportion to the number of shares he owns, and each will be made whole if the corporation obtains restitution or compensation from the wrongdoer. Such action must be brought by the corporation, not alone to avoid a multiplicity of suits by the various stockholders and to bar a subsequent suit by the corporation, but in order that the damages so recovered may be available for the payment of the corporation's creditors, and for proportional distribution to the stockholders as dividends, or for such other purposes as the directors may lawfully determine."

■ However, the trial court was entitled to find from the evidence that Carr and Guthrie were in virtually complete control of Texas Concrete, TCC Equipment and Sirad throughout the period of time in question and that the Yorks had no access to the three companies' records for about three years beginning in May, 1966; thus the appellees were entitled to bring this suit for the corporation under an exception to the cited rule as stated in Stinnett v. Paramount-Famous Lasky Corp., 37 S.W.2d 145 (Tex.Com.App.1931):

"It is also settled that, if a suit is brought for and on behalf of the corporation, the burden rests upon plaintiff to allege and prove that the plaintiff has in good faith made an effort to obtain action by the corporation or must allege and prove such a state of facts as to clearly show that an appeal to the directors or stockholders would be in vain. If it appears that the wrongdoers are in complete control and management of the corporation, this fact dispenses with the necessity of an appeal to them or the corporation. Barthold v. Thomas (Tex. Com.App.) 210 S.W. 506."

See also 14 Tex.Jur.2d 339, Corporations § 224.

■ We overrule appellants' first two points. It was established that E. A. Gibbs resides in Colorado County and that the principal office of Gene Gibbs Co. is situated there. The trial court was entitled to find from the evidence that each of the appellants was a proper party to the claim against the resident defendants and that such claim is a bona fide one against each of the resident defendants.

Having held that the appellees have shown that venue of this cause was properly laid in Colorado County under two subdivisions of Art. 1995, we need not consider whether others apply.

The order of the trial court is affirmed.

Affirmed.