**Ora ROBBINS, Appellant,**

v.

**S. A. ROBBINS, Appellee.**

**No. 17579.**

Court of Civil Appeals of Texas, Fort Worth.

Feb. 14, 1975.

Simon & Simon and Mike Liles, Fort Worth, for appellant.

Borden, Hand & Zellers and I. B. Hand, Weatherford, for appellee.

## OPINION

MASSEY, Chief Justice.

S. A. Robbins, plaintiff, prevailed by his suit against Ora Robbins for divorce and property disposition. Mrs. Robbins has appealed. We affirm the judgment.

Trial was before the court. The court heard oral testimony relative to facts and circumstances giving rise to propriety of decreeing divorce. At the outset, according to the judgment, by a stipulation of the parties dictated into the record there was presentation of matters of fact to enable appropriate property division. In the record presented in the Appellate Court there is no showing that such dictated matter constituted all that was heard by the court relative thereto. The judgment states: ". . . Thereupon, the Court proceeded to hear the evidence . . . and, considering the stipulation . . . enters the following as the JUDGMENT AND ORDER OF THIS COURT."

The judgment granted a divorce and directed a division of property. Each of the parties was granted one-half the cash in hand and on deposit in banks and loan associations. The wife was given an automobile and the husband the household furnishings in the parties' home in Parker County, it being sufficiently legally de-

scribed. By the judgment a receiver was appointed to sell the home, and it was ordered that the net proceeds from that sale be equally divided between the parties as "community property". There was no stay of the sale ordered and the judgment was not superseded and it is possible that this appeal has become moot in view of the single point of error presented to this Court, viz: "The trial court erred in holding that the property in Springtown, Texas was community property and owned jointly by appellant and appellee".

In January, 1963, when the parties married, the wife owned as her separate property, free and clear of lien, her home in Fort Worth. Thereafter, this home, with $1,400.00 in community cash, was traded for another in Kennedale, the deed evidencing such transaction naming the husband and wife as grantees. The value of the Kennedale home was enhanced by $900.00 by the expenditure of that amount from community funds. Subsequently, by an "even trade" the Kennedale home was exchanged for one in Springtown, with the deed evidencing such transaction likewise merely naming the husband and wife as the grantees. This lastly owned home was enhanced in value $1,000.00 by expenditure of $1,000.00 in community funds. Enhancement in value to both premises mentioned was by the stipulation, but there was absence of stipulation, for any purpose, concerning the value of the Springtown home at the time of the divorce hearing.

The theory of law upon which the wife relies is that concerning the continuance of separate property of one spouse during her marriage. It is as well stated in Rose v. Houston, 11 Tex. 324, (p. 164) (1854) as anywhere, viz: " . . . to maintain the character of separate property, it is not necessary that the property of either husband or wife should be preserved in specie, or in kind. It may undergo mutations and changes, and still remain separate property; and so long as it can be clearly and indisputably traced and identified, its distinc-

tive character will remain." See 13 V.A. T.S., the Commentary on Community Property Law by Professor William O. Huie in the very beginning of the volume; particularly p. 4, Sec. 3, "Ownership Tracing of Separate Funds".

On page 5 of the article by Professor Huie, under Sec. 4, "The Influence of Trust Law", there appears at page 6 the following paragraph: "There is authority for extending the presumption of a resulting trust to a case where title to property bought with separate funds is taken in the name of both spouses, but there are several possibilities as to intent in that situation. If, for example, the wife pays for land and the deed names both the husband and the wife as grantees, (1) it may be intended for the land to be community property with the wife to be reimbursed the amount paid from her separate funds; (2) a gift to the community may be intended; (3) the wife may intend a gift to the husband of an undivided half interest in the land; or (4) the parties may intend for the wife to be the sole owner of the equitable title as her separate property. . . . If it is found that community ownership was intended, the property is adjudged to the community and the spouse whose separate funds were used is entitled to reimbursement from the community unless the evidence shows that a gift was intended." See also page 45 of the article at Sec. 12, "Division on Divorce".

The wife is absolutely correct in the claim that the property, despite the exchange of form could have remained the separate property of the wife, in respect of the equitable title. But the trial court held that it did not, at least not by the time of the acquisition of the Springtown home. That property was found (by facts to be implied) to have been community property. What controls may be the fact finding relative to the intent of the parties at some material time. We must presume that the facts relative thereto were established to the satisfaction of the trial court.

The receipt and acceptance of the instruments of title to both the Kennedale and Springtown properties, or either of them, naming both husband and wife as grantees, and, as applied to the granting to others the title previously held to the Kennedale property, the delivery of a deed to the Kennedale property by both parties as grantors, establishes a sound basis for the contention of the husband that the Springtown home was a part of the community estate. Thereby, especially since the deed to the Springtown property was to both parties, is arisen presumption in law that it was agreed to be community property. Belkin v. Ray, 142 Tex. 71, 176 S.W.2d 162 at p. 166 (1943).

Of course the presumption is subject to being overcome by evidence, provided that evidence finds support by pleading of fraud, accident or mistake. There was no such pleading in the instant case. Evidence received without objection is deemed to have support by pleading, whether such was the case or not, by Texas Rules of Civil Procedure, rule 67, "Amendments to Conform to Issues Tried Without Objection". But here the wife evidently sought affirmative relief in respect to title without stating in her pleadings that which she desired.

There was no prayer by the wife for a decree of interest in title to the premises in dispute, nor any tender as an allowance of any charge against her separate estate in such premises if she should prevail. The community estate would be entitled to credit for admitted enhancements in the value of one party's separate estate in the event it be held to constitute separate property of the wife.

If there was any evidence concerning physical condition of either party to the divorce concerning his or her ability to work and earn money investment in the stability of the marriage during its existence either financially or otherwise, or anything otherwise material to the determination of the proportionate loss of either of the parties

by reason of the dissolution of the marriage, it was before the court by oral testimony. The same thing is true relative to reason and occasion for title to realty being taken by deeds to the parties. Nothing in clarification or restriction appears in the "Findings of Fact and Conclusions of Law" filed by the court nor in the stipulation of facts. Actually there is no express finding of fact, but only those which might be implied, for the instrument so labeled contains only the court's conclusion of law that the Springtown property was community property.

By the evidence before the trial court there might have been established a number of reasons which would support reason for unequal division of the community property of the parties. Furthermore on appeal the trial court is presumed to have heard oral testimony concerning the intention of the parties at the time they accepted deeds pursuant to transactions of purchase of successive homes.

We have mentioned the court's "conclusion of law". There was no request under T.R.C.P. 298, "Additional or Amended Findings" for further findings. Where there was only a fragmentary statement of facts (by stipulation dictated into the record) a complaint that the "conclusion of law" actually stated in the instrument filed was not supported by evidence would be without merit. Moring v. Dodd, 380 S.W.2d 777 (Amarillo Tex.Civ.App., 1964, writ ref., n. r. e.). Properly construed that is what we believe constitutes the wife's point of error; or, perhaps, it might be construed to be that by the only evidence proper to be considered the Springtown property was the wife's separate property as a matter of law.

Essentially however, and there are other and additional reasons, the fragmentary record presented on appeal is such that we are bound to uphold the judgment because of the presumption that there was evidence received by the court which sup-

ported its conclusion that the Springtown home was community property. We are even obliged to presume that any entitlement to reimbursement of the separate estate of the wife for contributions therefrom, in enhancement of the community, was considered by and taken into calculation by the trial court in the division of the parties' community property.

Judgment is affirmed.