**Albert Furney MULLER, Jr. & James Robert Muller, Appellants,**

v.

**Jere W. LEYENDECKER & La Bota Sand & Gravel, Inc., Appellees.**

No. 04–84–00289–CV.

Court of Appeals of Texas, San Antonio.

Aug. 21, 1985.

Rehearing Denied Oct. 16, 1985.

J.G. "Bumper" Hornberger, Jr., Dallas, for appellants.

C.M. Zaffirini, Guadalupe Castillo, Laredo, for appellees.

Before CANTU, REEVES and COLEMAN,* JJ.

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised

OPINION

COLEMAN, Justice (Assigned).

This is an appeal from an order entered in a post-judgment proceeding arising out of the judgment of this court of appeals. The proceeding was before the court without a jury.

The case was appealed from the district court of Webb County, Texas in which Cause No. 30,500 was consolidated with Cause No. 30,437. In Cause No. 30,437 Jere W. Leyendecker and La Bota Sand and Gravel, Inc. (La Bota) sought a declaratory judgment that a lease agreement between La Bota and the Muller brothers, Albert and Robert, for the removal of sand and gravel was in full force and effect and certain other relief. In Cause No. 30,500 the Muller brothers sought a declaratory judgment declaring the lease between themselves and La Bota terminated by reason of abandonment and failure to conduct operations.

La Bota Sand and Gravel, Inc., entered into a lease agreement with Albert and Robert Muller for the removal of sand and gravel from La Bota Ranch. The term of said lease was to run from January 1, 1977 to December 31, 1982 with a option to extend the lease for an additional five-year period. The capital stock of La Bota Sand and Gravel, Inc. was owned in equal shares by Leyendecker and Albert Muller. On June 10, 1977, Albert Muller formally notified Leyendecker of his intention to dissolve the corporation and on June 20, 1977, formally notified Leyendecker, who was president of the corporation, of the termination of the lease between the Mullers and the corporation. Leyendecker and Muller were the only directors of the corporation. On May 3, 1978, while the suit for declaratory judgment was pending in the trial court, the Mullers entered into a contract for the removal of sand and gravel from La Bota Ranch with Laredo Ready Mix.

Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, effective June 16, 1983).

On May 19, 1980, the district court entered a judgment in favor of the Mullers and against La Bota and Leyendecker declaring the lease of March 29, 1977 terminated because of abandonment. On October 29, 1982, the court of appeals handed down an unpublished opinion in Cause No. 16651 styled Jere W. Leyendecker & La Bota Sand & Gravel, Inc. v. Albert Furney Muller, Jr. & James Robert Muller, reversing and rendering the trial court's judgment terminating the lease agreement. The court of appeals found that there was no evidence that La Bota intended to abandon either the lease or the leased premises or that it actually relinquished the enterprise. The court also found that the lease had been in effect for approximately seven months before appellees gave their notice of termination for reasons of abandonment.

On June 22, 1983, the Supreme Court of Texas denied applications for writs of error. Subsequently, Leyendecker and La Bota filed a petition in the trial court for an order directing the clerk of the district court to issue an immediate writ of possession for the leased premises and supplemental relief under the provisions of TEX. REV.CIV.STAT.ANN. art. 2524-1 (Vernon 1965). In this petition the plaintiffs further requested an order as supplemental relief extending plaintiffs' original lease for a period equal to the time the plaintiffs were kept out of possession by reason of this litigation.

The Mullers filed a motion to require the attorney, Mr. Carlos M. Zaffirini, to show his authority to represent La Bota. The defendants also demanded a trial by jury.

The trial court denied the motion to require Carlos M. Zaffirini to show his authority to represent the corporation; found that Leyendecker had the authority to institute and pursue legal action on behalf of the plaintiff corporation, and denied a jury trial.

The trial court recited in it's judgment that the plaintiffs were entitled to the immediate use and possession of the leased premises; that the primary term of the lease agreement should be extended for the six-year period when plaintiffs were out of possession, resulting in an extension of that primary time from December 1982 to December 12, 1988; that La Bota had the right under the lease agreement to renew the lease prior to December 12, 1988 for an additional five-year term pursuant to the terms and provisions of the lease agreement and that the end of that period the option to renegotiate the lease for an additional ten-year period.

The appellants contend that the trial court erred in extending the lease because such action was barred under the judicial doctrine of election of remedies, waiver, *res judicata*, and estoppel.

Section 8 of the Uniform Declaratory Judgments Act, TEX.REV.CIV.STAT. ANN. art. 2524–1 (Vernon 1965) provides:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefore shall be by petition to a Court having jurisdiction to grant the relief. If the application be deemed sufficient, the Court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree to show cause why further relief should not be granted forthwith.

Section 9 of the Declaratory Judgments Act provides that where proceedings involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

On December 22, 1983, a pre-trial hearing was held at which time the petition for writ of possession and supplemental relief was set down for an evidentiary hearing on January 31, 1984. On January 5, 1984, an amended petition was filed limiting the relief sought to a writ of possession, and an order that the original lease of March 25, 1977 be extended together with costs of court.

The case proceeded to trial on January 31, 1984, and a judgment was subsequently signed on June 6, 1984. Pursuant to a proper request on June 15, 1984, the judge filed his findings of fact and conclusions of law.

■ The record in this case does not show that a jury fee had been paid. In such a case where the trial court denies a jury trial, the burden is on the party requesting a jury to show an abuse of discretion. *Chavco Investment Co., Inc. v. Pybus,* 613 S.W.2d 806 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Childs v. Reunion Bank,* 587 S.W.2d 466 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). The record does not reflect that the trial court erred in refusing to order a jury trial.

During the pendency of the declaratory action in the trial court the Mullers entered into contract for the removal of sand and gravel from the La Bota Ranch with Laredo Ready Mix Company. After La Bota and Leyendecker filed the petition for writ of possession and supplemental relief the Mullers filed a motion seeking to have the Laredo Ready Mix made a party to this suit contending that it is a necessary party. The trial court denied this motion and the appellants assert this action was error. Laredo Ready Mix was not a "adverse party whose rights had been adjudicated by the declaratory judgment or decree" and, thus, was not one required to be made a party to an action under section 8. The lease between the Mullers and Ready Mix specifically stated that it was subject to the La Bota lease and that if the court ruled the lease valid then the Ready Mix lease would terminate. The trial court did not err in denying the motion to make Laredo Ready Mix a party.

The trial court made certain findings of fact in response to a proper request that are pertinent to a decision of this case:

1. The primary term of the parties lease agreement was from January 1, 1977 to December 12, 1982, with plaintiffs having an option to renew the lease agreement for an additional five (5) year term.

2. At the end of the option to renew for the additional five (5) year period, plaintiffs have the option to renegotiate the lease for an additional ten (10) year period as per lease agreement.

3. Plaintiffs' lease had only been effect for approximately seven (7) months when defendants gave notice of termination in July, 1977, for reasons of abandonment and shortly thereafter filed Cause No. 30,500 seeking a judicial declaration of the lease termination.

4. On October 29, 1982, the Court of Appeals for the Fourth Supreme Judicial District of Texas ruled that plaintiffs never intended to abandon the lease or the leased premises.

5. On October 29, 1982, the Court of Appeals for the Fourth Supreme Judicial District of Texas ruled plaintiff never actually relinquished the enterprise.

6. On June 22, 1983, the Supreme Court of Texas refused application for writs of error with the notation of No Reversible Error, and no further motions were filed.

7. Plaintiffs were out of possession of the leased premises by reason of the defendants' action from July, 1977 to June, 1983, a period of six (6) years.

8. The defendant, Albert Furney Muller, is a shareholder and director of La Bota Sand and Gravel, Inc. and is acting against the interest of La Bota Sand and Gravel, Inc.

9. From the time the declaratory judgment became a final judgment, plaintiff on several occasions peaceably demanded entry into and rightful possession of his lease premises. However, defendants refused plaintiffs' possession of the leased premises.

10. Plaintiff, Jere W. Leyendecker, is a shareholder, director and president of La Bota Sand and Gravel, Inc. He had and has the power and authority of instituting and pursuing legal action on behalf of plaintiff corporation.

Appellants introduced a letter dated November 5, 1982 directed to La Bota Sand and Gravel, Inc. and signed by Albert F. Muller, Jr. and James R. Muller, which, in part, states:

> ... with receipt of the court of appeals opinion with respect to such sand and gravel lease, it appears that such lease remains in full force and effect pending any additional endeavor by us to further appeal such decision. In the meantime, we hereby formally give you notice pursuant to such sand and gravel lease that the following actions must be taken on your part to fully comply with the terms and conditions of such sand and gravel lease; ...

> If you shall fail to carry out the above request within twenty days from the date hereof as provided in the March 25, 1977 lease, then such failure shall be a default on your part as outlined in the lease and shall grant us, as lessors, the option to terminate this lease and remove as lessees therefrom....

The appellants contend that the trial court erred in extending the lease because the evidence showed that La Bota breached the lease after regaining possession. This contention is based upon the proposition that by this letter La Bota was again placed in possession of the leased premises.

Albert Muller testified that at or about this time his attorney, Robert Freeman, asked Leyendecker to come out to the office to discuss the possibility of taking the lease back over again. Muller was present and asked Leyendecker what authority he had from the corporation to resume operation in the name of La Bota. He also asked him what he had done with the money of the corporation that he had stolen; where he had authority to conduct operations; and where he was going to get money to operate with. Leyendecker then left the premises.

It is undisputed that Leyendecker was president of the corporation; that in July, 1977, Muller gave La Bota notice of termination of the lease in writing; and that after the letter of November 5, 1982 in which the Mullers recognized that the lease was in force by reason of the decision of the court of appeals, the Mullers filed an application for writ of error with the supreme court, thereby continuing the litigation. It is further established by undisputed evidence that the Mullers leased the land covered by the La Bota lease to Laredo Ready Mix by an instrument dated April 21, 1978. This lease provided that the commencement date would begin when the prior lease was invalidated. It further provided that if the prior lease is declared valid by court order, the lease agreement would at such time terminate. It is also undisputed that Laredo Ready Mix took possession of the leased premises and removed sand and gravel therefrom during the year 1983 up through and including the date of the trial.

The Supreme Court of Texas, in a case involving an oil and gas lease, held that lessors who wrongfully repudiate the lessees title by an unqualified notice that the leases are forfeited or are terminated cannot complain if the latter suspend operations under the contract pending a determination of the controversy and that the lessors will not be allowed to profit by their own wrong. *Kothmann v. Boley,* 158 Tex. 56, 308 S.W.2d 1 (1957). While Kothmann was tried before a jury, the only issue submitted was on estoppel. The Court held as a matter of law that the lessee was entitled to a decree establishing ownership of the lease and that the lease remained in full force for eight months after the judgment was rendered, the time remaining on the original lease at the time the lease was repudiated.

■ As a matter of law La Bota was not required to perform its obligations under the lease prior to the time the mandate of the court of appeals was received by the trial court. At that time the leased premises were in the possession of the Mullers through their lessee, Laredo Ready Mix.

In *Valley Oil Company v. The City of Garland,* 499 S.W.2d 333 (Tex.Civ.App.— Dallas 1973, no writ) the court said:

... judgment on appeal became the judgment of the trial court when the mandate was filed there, and the trial court had power to enforce it; subsequent proceedings in the trial court seeking injunctive relief were governed by the opinion of the court of civil appeals as well as the mandate.

Although the mandate does not by its own provisions declare the ordinance valid, the opinion shows that to be the ground on which the trial court's judgment was reversed. Under these circumstances the trial court was justified in looking to the opinion as well as the mandate in determining the effect of the trial court's judgment. Consequently, the trial court had not only the power but the duty under § 8 (art. 2524-1, TEX. REV.CIV.STAT.) to issue an injunction for the purpose of enforcing the judgment of this court.

499 S.W.2d at 336..

■ The trial court did not err in ordering the issuance of a writ of possession to enforce the judgment of the court of appeals, or in ordering the extension of the lease for the period that La Bota was unable to conduct operations on the leased premises by reason the legal proceedings resulting from the purported termination of the lease agreement by the Mullers.

La Bota has urged that the trial court erred in extending the lease because such action was barred under the judicial doctrines of election of remedies, waiver, *res judicata* and estoppel. This contention is based on the fact that La Bota combined with its action for declaratory relief an action for damages. The jury failed to find that La Bota had suffered damage. This finding of the jury was not attacked by La Bota in its appeal.

In its petition in the declaratory judgment action La Bota prayed not only for damages but also for a declaratory judgment that the lease agreement was in full force and effect. On a prior appeal this court has rendered a judgment that the lease is in full force and effect and that judgment is now final. It cannot be collaterally attacked in this proceeding. Since the lease is in full force and effect, La Bota is entitled to possession of the premises. In this proceeding La Bota is not attempting to recover damages for the loss of possession of the premises resulting from the Mullers' attempt to terminate the lease.

■ While the court of appeals did not order the lease extended, the equitable doctrine that a lessor who wrongfully repudiates the lessees title will not be allowed to profit by his own wrong requires as a matter of law an extension of the lease for the time the lessee suspends operations as a result of the wrongful repudiation. *Kothmann v. Boley*, 158 Tex. 56, 308 S.W.2d 1 (1957).

■ No issue of estoppel was raised by the evidence. Estoppel is a rule of equity applied to prevent a person from taking advantage of a condition or situation when, with knowledge of the facts, he has so conducted himself to cause the other party to change his position for the worse and results in the former being prohibited from asserting an otherwise valid right. *The Praetorians v. Strickland*, 66 S.W.2d 686 (Tex.Com.App.1933). Throughout the trial La Bota asserted it had a valid lease and this contention was sustained by the court of appeals. There is no basis for the Mullers' claim that La Bota led them to believe that it was relying solely on its claim for damages. The Mullers were fully aware of the fact that La Bota was claiming the right to possession of the premises under a valid lease at the time they entered into a lease with Laredo Ready Mix and put Laredo Ready Mix into possession of the premises.

■ The extension of the lease was granted by the trial court as "further relief" based on a declaratory judgment as authorized by section 8 of the Declaratory Judgments Act. The case of *King v. Rubinsky*, 253 S.W.2d 937 (Tex.Civ.App.— Waco 1952, writ ref'd n.r.e.), is not controlling. In this case the court held that a seller under a contract to purchase real estate was entitled to take possession of

the land at the time an erroneous summary judgment was granted. Since no supersedeas bond was filed the seller did not wrongfully dispossess the purchaser, who was in default under the contract and did not offer to pay the delinquent installments. The court held that the purchaser was not entitled to damages by reason of the fact that the seller went into possession under the erroneous summary judgment. This was not a Declaratory Judgments Act case and does not control the equitable relief which the trial court was authorized to grant under section 8.

*Salgo v. Hoffman,* 521 S.W.2d 922 (Tex. Civ.App.—Dallas 1975, no writ), cited by appellant for the proposition that the court erred in granting a writ of possession, is not in point since it was not a case seeking additional relief following a judgment in a declaratory judgment action. La Bota sought and was granted affirmative relief in the form of a judgment that its sand and gravel lease was in full force and effect. Further relief was authorized by section 8 of the Declaratory Judgments Act.

Appellants' assert that the trial court erred in rendering judgment in favor of Leyendecker because there was legally and factually insufficient evidence to support the trial court's finding that Leyendecker had an interest in the property. In its judgment the trial court recites its finding that plaintiff Jere W. Leyendecker had and has the power and authority of instituting and pursuing legal action on behalf of plaintiff corporation. The court also filed findings of fact, one of which reads:

> Plaintiff, Jere W. Leyendecker, is a shareholder, director and president of La Bota Sand and Gravel, Inc. He had and has the power and authority of instituting and pursuing legal action on behalf of plaintiff corporation.

The trial judge also found as a fact that Albert Furney Muller was a shareholder and director of La Bota Sand and Gravel, Inc. and is acting against the interest of La Bota Sand and Gravel, Inc. The latter finding was also attacked by appellants for the reason that there was legally and factu-

ally insufficient evidence to support the finding. The trial court did not find that Leyendecker had an interest in the property. The finding that Albert Muller was acting against the interest of the corporation is fully supported by the fact that he gave notice of the termination of La Bota's lease and thereafter entered into a lease with Ready Mix. These points of error cannot be sustained.

The appellants have asserted that the trial court erred in decreeing that the lease could be renewed because La Bota failed to timely execute its option and also in failing to enter a declaratory judgment decreeing that La Bota and Leyendecker had no further rights in the option term of the lease. These points cannot be sustained. Since the trial court properly extended the term of the lease, the time for exercising the option was also extended. There were no pleadings in this proceeding seeking declaratory relief. The appellants contend that certain findings of fact made by the trial court were unsupported by the evidence introduced at the hearing for supplemental relief. The statement of facts reflects that Mr. Hornberger, the attorney representing the Mullers, without objection introduced into evidence Exhibit No. 11, which was a copy of the statement of facts in the former case. The trial court had, in the response to a motion which was not opposed, ruled that he would take judicial notice of all of the proceedings and records in the former case. While an appellate court can take judicial knowledge of its own records and judgments rendered in cases involving the same subject matter, it cannot take judicial notice of the record of the testimony on the former trial of the same case. Neither can the trial judge consider testimony taken at a previous trial in a subsequent trial unless it is admitted in evidence. *Amco Mesh & Wire Co. v. Stewart,* 474 S.W.2d 740 (Tex.Civ.App.— Houston [1st Dist.] 1971, no writ).

While it was admitted into evidence, we do not find Exhibit No. 11 in the record on appeal. In the absence of a complete statement of facts, it will be pre-

sumed that the evidence is sufficient to support both legally and factually the findings of the trial judge. *Schweizer v. Adcock*, 145 Tex. 64, 194 S.W.2d 549 (1946); *Robbins v. Robbins*, 519 S.W.2d 507 (Tex. Civ.App.—Fort Worth 1975, no writ); *Chadwick v. Glens Falls Insurance Co.*, 340 S.W.2d 501 (Tex.Civ.App.—Waco 1960, no writ).

The record before us discloses that Albert Muller was a director of La Bota. He was also an owner of the property leased, and personally gave notice to La Bota that the lease was terminated by reason of abandonment. These facts are sufficient to show that he was acting against the interest of the corporation.

The petition for immediate writ of possession and supplemental relief was filed in the name of La Bota Sand and Gravel, Inc. Jere W. Leyendecker owned a half of the common stock of La Bota Sand and Gravel, Inc. and was a director, shareholder, and president of La Bota Sand and Gravel, Inc. This action was filed to enforce the judgment rendered in the declaratory judgment action which had been reduced to judgment. In the petition instituting this action Jere W. Leyendecker and La Bota Sand and Gravel, Inc. were named as plaintiffs. It was alleged that Leyendecker was a shareholder, director and president of La Bota Sand and Gravel, Inc. and that there were two directors, Albert Furney Muller, Jr. and Jere W. Leyendecker. It was further alleged that Muller had given notice of termination of the lease agreement and was attempting to fraudulently deprive the corporation of the benefits of said agreement and to divert them to himself and his brother.

Article 5.14, Business and Corporation Act, authorizes a shareholder to bring suit on behalf of a corporation where he is the owner of shares in the corporation and pleads reasons for not making efforts to have the suit brought for the corporation by the board of directors.

A director cannot vote on a transaction with the corporation in which he is personally involved. *Wiberg v. Gulf Coast Land & Development Co.*, 360 S.W.2d 563 (Tex.Civ.App.—Beaumont 1962, writ ref'd n.r.e.).

Where the directors of a corporation are claiming property adverse to the corporation, the stockholders may maintain a suit for its recovery. *Dunagan v. Bushey*, 152 Tex. 630, 263 S.W.2d 148 (1953).

Where wrongdoers are in control of a corporation, there is no necessity to ask them to bring suit. *Carr v. York*, 449 S.W.2d 842 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ).

It appears that Leyendecker is the only director qualified to vote to authorize this action to enforce the judgment. As a stockholder he was not required to seek to have the board of directors to authorize this suit. Muller was personally involved and was claiming the lease was properly cancelled, a position adverse to the interest of the corporation. The authority of Leyendecker to institute this suit on behalf of the corporation was an issue in the main suit and necessarily was resolved by the judgment rendered. Leyendecker's right to enforce the judgment on behalf of the corporation cannot be attacked in this ancillary proceeding.

The evidence establishes that at the time the mandate of the court of appeals was received in the trial court the leased premises were in the possession of the Mullers through their lessee. While there was evidence to support the trial court's finding that La Bota and Leyendecker demanded and were refused peaceable possession of the property, it was not necessary to submit an issue to establish the fact that demand for possession had been made as a predicate for the issuance of a writ of possession. The issue is immaterial.

The trial court's finding that La Bota was out of possession of the leased premises by reason of the Mullers' actions from July 1977 to June 1983 is also immaterial. The record establishes that the Mullers repudiated the lease in July 1977 and that litigation to determine its validity was not terminated until June of 1983. La Bota was authorized to suspend operations under the contract pending a determination of the controversy. Operations were suspend-

ed and La Bota is entitled to an extension of the term of its lease for that period. *Kothmann v. Boley,* 158 Tex. 56, 308 S.W.2d 1 (1957).

The judgment is affirmed.

### ON APPELLANTS' MOTION FOR REHEARING

Albert Furney Muller, Jr. and James Robert Muller, appellants, have filed a Motion for Rehearing incorporating a request that we take judicial knowledge of the fact that a jury fee was paid in a timely manner. They stated in their original appellants' brief that the jury fee was paid. We accept this fact.

However, no jury is required in a supplemental proceeding the purpose of which is to enforce a final judgment. *Burrage v. Hunt Production Co.,* 114 S.W.2d 1228 (Tex.Civ.App.—Dallas 1938, writ dism'd); *Cocke v. Southland Life Insurance Co.,* 75 S.W.2d 194 (Tex.Civ.App.—El Paso 1934, writ ref'd.).

In a proper case orders, not inconsistent with a final judgment, may be entered for the purpose of carrying the judgment into execution. *Reynolds v. Harrison,* 635 S.W.2d 845 (Tex.App.—Tyler 1982, writ ref'd n.r.e.).

The motion for rehearing is denied.