PERFECTION CASTING
CORPORATION, et al.,
Appellants,

v.

ALUMINUM ALLOYS, INC., Appellee.

No. 04–86–00204–CV.

Court of Appeals of Texas,
San Antonio.

June 30, 1987.

Dale A. Dossey, Houston, W.J. Sames, III, Eagle Pass, for appellants.

Sharon E. Callaway, Groce, Locke & Hebdon, San Antonio, Philip Crosby, Murrell & Freeman, Dallas, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## ON APPELLANTS' MOTION FOR REHEARING

REEVES, Justice.

Our opinion of May 13, 1987, is withdrawn and the following substituted.

Perfection Casting Corporation and Delta Tires of Houston, Incorporated (hereinafter collectively referred to as Perfection Casting), appeal a post-answer default judgment against them.

We affirm.

Perfection Casting claims that it was denied a jury trial.  It also contends that it received improper notice of trial, that in failing to appear it did not waive its right to trial by jury, that TEX.R.CIV.P. 220 [1] is unconstitutional and that the aggregate of the above errors amounts to a denial of its constitutional right to due process.

On October 14, 1985, Aluminum Alloys filed suit to recover approximately $167,-000.00 for aluminum ingots it sold to Perfection Casting.  On December 10, 1985 Aluminun Alloys' attorney sent written no-

---

1.  Hereafter, all references to the Texas Rules of Civil Procedure will be indicated by the word     "Rule."

tice to the attorney for Perfection Casting that the cause had been set on the non-jury docket of Maverick County for January 8, 1986. On December 12, 1985, Perfection Casting's attorney sent a $5.00 filing fee accompanied by a form memorandum to the clerk of the court stating that the money was the "Fee for jury on the above referenced case on January 8, 1986 @ 9:00 a.m." On December 16, 1985, Aluminum Alloys' attorney mailed to Perfection Casting's attorney the following letter:

> Enclosed is a copy of the notice we received from the court in the referenced case, dated December 10, 1985, which indicates that the referenced cause is set for trial on January 8, 1986, at 9:00 A.M.
> ...

On January 8, 1986, the case was called for trial. Despite the notices, Perfection Casting failed to appear. Without the aid of a jury, the court heard evidence and entered judgment for Aluminum Alloys.

Rule 220 provides that if a party duly files his fee for a jury and later does not appear, that party's absence "shall be deemed a waiver by him of the right to trial by jury." The December 16, 1985, letter did not specify whether the cause had been set on the non-jury or the jury docket. A copy of the notice is not included in the record. However, the record includes a judgment which states that, having not appeared on the trial date, Perfection Casting waived its right to a jury trial.

■ Since the demand for a jury was made after the case had been set on the non-jury docket, it was incumbent upon the attorney to appear in court on January 8, to urge the setting of the case on the jury docket. At that time the court would have had the discretion to grant the request for the jury, deny the request, or pass the case for a future jury trial, depending upon the docket of the court and the availability of a jury on January 8. *See* Rule 216; *Olson v. Texas Commerce Bank*, 715 S.W.2d 764, 767 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). There is no evidence whether a jury was available on that date. The trial court did not abuse its discretion

in hearing the case without the aid of a jury.

■ We are of the further opinion that Rule 220 does not violate the Constitution of the United States or the State of Texas as to its requirements or the consequences of a litigant failing to appear at the time the case is set for trial. *See Williams v. Holley*, 653 S.W.2d 639, 640–41 (Tex.App.—Waco 1983, writ ref'd n.r.e.).

Perfection Casting's first five points of error are overruled.

■ Perfection Casting also complains that the court erred in allowing immediate execution on its judgment. Rule 628. Specifically, it contends that the affidavit does not allege sufficient facts to warrant use of the rule. We need not address the sufficiency of the affidavit since in the instant case the record indicates that after the affidavit was filed and execution granted, Perfection Casting, upon its own motion, received a hearing to determine the sufficiency of the affidavit. The order from that hearing states:

> On considering the pleadings and other papers on file with the court, the evidence received and the argument of counsel, the court finds and concludes that the motions [to quash immediate execution] should not be granted.

Regardless of the sufficiency of the affidavit, evidence was heard at the hearing to determine whether immediate execution should be granted. While the record contains the order, it has neither a statement of facts from the hearing nor any indication that a statement of facts exists. Without the statement, this Court assumes that the evidence at the hearing was sufficient to support the order. *Muller v. Leyendecker*, 697 S.W.2d 668, 675–76 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

Perfection Casting's sixth point of error is overruled.

As a counter-point, Aluminum Alloys seeks a 10 percent penalty for frivolous appeal pursuant to TEX.R.APP.P. 84. While we affirm the judgment of the trial court, we do not find that the appeal was

taken for delay and with insufficient cause and therefore deny the request.

The judgment of the trial court is affirmed.