ACCEPTED
03-14-00706-CV
5270049
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/13/2015 2:46:24 PM
JEFFREY D. KYLE
CLERK

## No. 03-14-00706-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/13/2015 2:46:24 PM
JEFFREY D. KYLE
Clerk

ENTERGY TEXAS, INC.,
*Appellant,*

v.

PUBLIC UTILITY COMMISSION OF TEXAS, ET AL.,
*Appellees.*

_____

**STATE AGENCIES'
REPLY TO APPELLANT'S RESPONSE TO
STATE AGENCIES' MOTION TO STRIKE
AND
RESPONSE TO MOTION FOR THE COURT
TO TAKE JUDICIAL NOTICE**

_____

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellee State of Texas Agencies and Institutions of Higher Education (State Agencies) file this **Reply to Appellant Entergy Texas Inc.'s (ETI's) Response to State Agencies' Motion to Strike** and **Response to ETI's Motion for the Court to Take Judicial Notice**. In support of their own motion and in opposition to ETI's, State Agencies show as follows.

### I.      Testimony and Orders are different.

ETI conflates the nature of documents that are appropriate for attachment as appendices. Contrary to ETI's characterization, there is an appreciable difference between evidence offered within an administrative agency's proceeding and the final

1

decision of the agency, as documented in a Final Order signed by the agency's Commissioners. Because ETI appended evidence, in the form of witness testimony, to its brief, the appendices and linked testimony should be properly stricken.

Texas Rule of Appellate Procedure (TRAP) 38.1(i) requires that a brief must contain "appropriate citations to authorities and to the record." TRAP 38.1(k)(2) allows optional contents for the appendix to a brief in civil cases, specifically, items pertinent to the issues or points presented for review, including "copies or excerpts of relevant court opinions, laws, documents on which the suit was based, pleadings, excepts from the reporter's record, and similar material." When read together, subsections (i) and (k) provide for the citation to and appending of authorities, such as case law and statutes, or other documents from related proceedings. Where judicial review of an Administrative decision is sought, TRAP 36.2 allows for the inclusion of the record of the underlying agency proceeding in the appellate record. Nowhere in the rules of appellate procedure are evidentiary filings from other, unrelated agency proceedings made eligible for inclusion as appendices to a brief in this Court.

ETI cites to *Oncor Elec. Delivery Co. LLC v. Public Util. Comm'n of Tex.*[1] to support its assertion that this Court may consider the testimony presented in ETI's appendices. However, the *Oncor* case does not support ETI's argument. In *Oncor*,

---

[1] 406 S.W.3d 253, 267 (Tex. App.—Austin 2013, no pet.).

this Court ruled that it could consider prior Public Utility Commission (PUC or Commission) orders; that is, it considered the Commission's <u>decisions</u> in previous cases. It did not consider <u>evidence</u> offered in any of the cases that gave rise to those decisions. In fact, the consideration of Commission decisions was explicitly contrasted with the consideration of evidence regarding fact issues from other agency proceedings, which the *Oncor* court affirmed had previously been properly proscribed.[2] The testimony put forth by ETI is not properly appended; it should be stricken.

## II.   Citations should include page numbers.

State Agencies' objection to ETI's incomplete citations concerns locating relevant references within the referenced documents, rather than locating the documents themselves. As stated in State Agencies' Motion to Strike, neither appellate court nor trial court is required to wade through entire documents and testimonies to locate proof. It is the parties' responsibility to provide page numbers and, if necessary, line numbers, for the court's direction.[3] ETI's appended and linked documents are voluminous; without page number citations, they are neither useful nor eligible for consideration by this Court.

---

[2] *Id*. (citing R*eliant Energy, Inc. v. Public Util. Comm'n of Tex.*, 153 S.W.3d 174, 199–200 (Tex. App. —Austin 2004, pet. denied).

[3] See *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238–39 (Tex. App.—San Antonio 2006, no pet.).

## III. Direction to the PUC Interchange is inappropriate.

ETI's repeated citations directing the Court to the PUC Interchange to review PUC proceedings is inappropriate. As noted in State Agencies' Appellee's Brief and explained in State Agencies' Motion to Strike, this Court cannot consider evidence that is not formally included in the appellate record.[4] Appellant's repeated efforts to direct the Court to the vast depths of the PUC Interchange, which holds all filings in all Commission dockets and projects for multiple decades, are improper citations to voluminous evidence outside the administrative record.

## IV. ETI's Motion for Judicial Notice should be denied.

The distinction between testimony and orders, outlined in Section I, is also relevant with respect to ETI's Motion for the Court to Take Judicial Notice. Judicial Notice of agency decisions is different than judicial notice of evidence from previous agency proceedings, in the same way that a court's decision is eligible for judicial notice while evidence from the proceeding leading to that decision is not. "It is inappropriate for a trial judge to take judicial notice of testimony even in a retrial of the same case."[5] The distinction between testimony and final decisions of a court or agency was explained by the Dallas Court of Appeals: "testimony is a mutable

---

[4] *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App.—Dallas 2006, no pet.); *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied).

[5] *Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (quoting *Muller v. Leyendecker,* 697 S.W.2d 668, 675 (Tex. Civ. App. —San Antonio 1985, writ ref'd n.r.e.); *see also In re J.C.*, 346 S.W.3d 189, 192-93 Tex. App.—Houston [14 Dist.], 2011, no pet).

product of human memory and subject to different interpretations. It does not carry the high degree of indisputability required to justify taking judicial notice."[6]

Testimony also cannot be viewed in a vacuum, without the context of the entire proceeding in which it was first offered. ETI has requested judicial notice be taken of testimony from Docket No. 34800. This proceeding, which spanned over two years, contains over 2500 filings. The Commission has already determined how much weight to give to the evidence presented in that proceeding, as recorded in the final order for Docket No. 34800. The fact that the final order does not mention the testimony is telling. To suggest this Court should go to the interchange to view one of the 2500 filings is to suggest the Court should supplant the Commission's decision on what weight the evidence should be given. Evidence offered by a party in previous proceedings is neither reliable nor useful to this Court in this proceeding. ETI's Motion for Judicial Notice should be denied.

V.    Conclusion

WHEREFORE, PREMISES CONSIDERED, State Agencies request that their Motion to Strike be granted, and that ETI's Motion for the Court to Take Judicial Notice be denied. State Agencies also pray for any further relief to which they may be entitled.

---

[6] *Garza v. State,* 996 S.W.2d 276, 280 (Tex. App.—Dallas 1999, pet. ref'd)

5

Dated:  May 13, 2015

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

*/s/ Sara R. Hammond*
Katherine H. Farrell
State Bar No. 24032396
Sara R. Hammond
State Bar No. 24081003
Assistant Attorneys General
OFFICE OF THE TEXAS ATTORNEY GENERAL
Administrative Law Division
P.O. Box 12548
Austin, Texas 78711
Telephone:  (512) 475-4173
Facsimile:  (512) 320-0167
E-mail:   katherine.farrell@texasattorneygeneral.gov
           sara.hammond@texasattorneygeneral.gov

**Counsel for Appellee State Agencies**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of State Agencies Reply to ETI's Response to State Agencies' Motion to Strike and Response to ETI's Motion for the Court to Take Judicial Notice was transmitted by electronic filing on the 13th day of May, to the parties of record as listed below:

**ENTERGY TEXAS, INC.,**

John F. Williams
Marnie A. McCormick

**Appellant**

DUGGINS WREN MANN & ROMERO, LLP
One American Center
600 Congress Suite 1900
Austin, Texas 78767
Telephone: (512) 744-9300
Facsimile: (512) 744-9399
jwilliams@dwmrlaw.com
mmccormick@dwmrlaw.com

**OFFICE OF PUBLIC
UTILITY COUNSEL,**

Ross Henderson
Assistant Public Counsel
OFFICE OF PUBLIC UTILITY COUNSEL

**Appellee**

1701 N. Congress Avenue
Suite 9-180
P.O. Box 12397
Austin, Texas 78711-2397
Telephone: (512) 936-7500
Facsimile: (512) 936-7525  or 936-7520
ross.henderson@opuc.texas.gov

**PUBLIC UTILITY**
**COMMISSION**
**OF TEXAS,**

**Appellee**

Elizabeth Sterling
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Environmental Protection Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4152
Facsimile: (512) 320-0911
Elizabeth.Sterling@texasattorneygeneral.gov

**TEXAS INDUSTRIAL**
**ENERGY CONSUMERS,**

**Appellee**

Rex D. Van Middlesworth
Benjamin Hallmark
THOMPSON KNIGHT, LLP
98 San Jacinto Blvd, Ste. 1900
Austin, Texas 78701
Telephone: (512) 469.6100
Facsimile: (512) 469.6180
rex.vanm@tklaw.com
benjamin.hallmark@tklaw.com

*/s/ Sara R. Hammond*
Sara R. Hammond
Assistant Attorney General